# BENJAMIN MARPLE v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

July 28, 1911.

Nos. 17,087—(162).

**Fraud in settlement — ratification — questions for jury.**

In an action to recover damages for personal injuries, defendant pleaded in defense a settlement of the cause of action, and plaintiff replied, alleging fraud in the settlement, but did not offer to return the money received. The trial court instructed the jury to deduct from the verdict the sum received in the settlement, in case they found plaintiff entitled to recover. *Held:*

1. Whether the fraudulent representations were made, relied on, and induced the settlement were questions for the jury, and the evidence sustains the verdict on such questions.

2. The representation to plaintiff by a claim agent of defendant to the effect that plaintiff's physician said plaintiff would be well and able to work in three weeks, if false and relied on, is ground for rescinding the contract.

3. Whether plaintiff had knowledge of the fraud when he received the money paid on the settlement, and thus ratified the contract, was a question for the jury, and the evidence sustains the verdict on this point.

4. When it fairly appears that an offer to return the money received on a settlement of a cause of action for personal injuries will be refused, and the amount so received is credited defendant in the verdict, and substantial justice has thus been done, the failure of plaintiff to offer to return the money received is not ground for a new trial.

5. Whether plaintiff elected to rescind within a reasonable time was a question for the jury, and the evidence sustains the verdict on this point.

6. The damages are not excessive.

Action in the district court for Waseca county to recover $25,000 for personal injuries. The complaint alleged that defendant maintained in the village of New Richland, through which its line of

[1]Reported in 132 N. W. 333.

[Note] Releases by servants after injury, see note in 11 L.R.A.(N.S.) 194. Effect of misrepresentation or undue influence by physician to avoid release, see note in 5 L.R.A.(N.S.) 663.

railway ran, a water tank and pumping station; that the power was furnished by means of a gasolene engine, erected in a small building containing one room, one door and one floor, which floor was on the level with the ground and with one doorway, the doorway opening into the room from the south; that the engine was stationed near the door, and that the appurtenances and equipment thereof included a fly-wheel and shafting and on the shafting of the fly-wheel were attached a driving pulley-wheel, other shafting, wheels, belts and pulleys, and that all the machinery was in a dangerous position and unfenced; that plaintiff was a laboring man without experience with machinery of the kind described; that he was directed to work about the engine and power house; that he was caught in the machinery of the engine when revolving at a high rate of speed, and while so caught was revolved around the shaft, thereby sustaining serious and permanent injuries to his head, spine and other parts of the body. The case was tried before Buckham, J., and a jury which returned a verdict in favor of plaintiff for $7,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. H. Bremner, Peter McGovern* and *George W. Seevers,* for appellant.

*Henry M. Gallagher* and *John Moonan,* for respondent.

BUNN, J.

Plaintiff was employed by defendant as a laborer, and on October 21, 1909, while working with others in rebuilding defendant's pumping station at New Richland, was caught upon the friction clutch of the engine and sustained personal injuries. This action was commenced January 24, 1910, to recover for such injuries. The answer, in addition to the usual defenses, alleged an agreement of settlement made November 9, 1909, for the sum of $450, the payment of this sum December 28, 1909, and its acceptance by plaintiff in full satisfaction of his claim for injuries. Plaintiff, in his reply, admitted the execution of the contract of settlement, but alleged that he was insane when he signed it, and that it was procured by the fraudulent representation of defendant's claim agent to the effect

that plaintiff's attending physician said that he would be well and able to go to work in three weeks. Plaintiff did not offer to return the money received on the settlement.

On the trial defendant's motion for a directed verdict was denied, and the questions of negligence, contributory negligence, assumption of risk, and fraud in obtaining the contract of settlement were submitted to the jury. The court instructed the jury that there was no evidence that plaintiff was insane at the time he executed the contract, but left it to the jury to say whether the fraudulent representation was made, whether it was relied on by plaintiff, and whether plaintiff knew the representation was false at the time he received the money. The court instructed the jury to deduct $450, the amount of the settlement, from the amount of damages if they found for plaintiff, and to render their verdict for the balance. The verdict was for plaintiff in the sum of $7,000. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

It is conceded in this court that the questions of negligence, contributory negligence, and assumption of risk were for the jury, and defendant does not urge that the evidence was insufficient to sustain the verdict on these questions. Defendant's contentions here are: (1) There was no proof of representations sufficient to constitute fraud. (2) The evidence was conclusive that before plaintiff received the money paid in settlement he knew, or should have known, that the representations were false. (3) As plaintiff did not return or tender back the money received, he cannot recover. (4) Plaintiff did not rescind within a reasonable time after discovering the fraud. (5) The damages awarded are excessive. We will consider these contentions in the order stated.

1. The evidence was sufficient to justify the jury in finding that defendant's claim agent stated to plaintiff that his physician said he would be well and able to go to work in three weeks, that this statement by the agent was false, and that plaintiff was induced to make the settlement in reliance upon the supposed opinion of his physician. That such a representation, fraudulently made and relied on, is sufficient fraud to avoid the contract is settled. Peterson v. Chicago, M.

& St. P. Ry. Co. 36 Minn. 399, 31 N. W. 515; 38 Minn. 511, 39 N. W. 485.

2. The agreement of settlement was made November 9. Payment of the money was made December 28. There is no doubt that, if plaintiff knew at this time that the representations were false, acceptance of the money was a ratification of the contract, and terminated his right to rescind. But we cannot regard the evidence as conclusive that he had then discovered the fraud. The question was for the jury, and the verdict is sustained by the evidence on this point.

3. The serious question in the case is as to the effect of plaintiff's failure to tender back or offer to return the money received on the settlement. The general rule undoubtedly is that where a party to a contract that is not void, but voidable, seeks to rescind by his own act, he must return or offer to return what he received under the contract. Parsons v. McKinley, 56 Minn. 464, 57 N. W. 1134; Morris v. Great Northern Ry. Co. 67 Minn. 74, 69 N. W. 628; Mlnazek v. Libera, 83 Minn. 288, 86 N. W. 100; I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. The foundation of this rule is the injustice of permitting a party to a contract to retain what he has received, and at the same time maintain an action based on his election to treat the contract as at an end. He thus has the privilege of taking his chances on recovering in the action without running the risk of losing what he has received, in case he is defeated. The difficulty is not with the rule, but with the application of it. The idea of the rule and the object to be sought is equity, substantial justice. As was said by the Chief Justice in the Corse case: "The trend of later cases is in favor of a more reasonable and equitable application of the rule. The party guilty of the fraud is not entitled to anything more than substantial justice and a fair opportunity to receive what he parted with." The idea of applying the rule so as to do substantial justice, not to shield the party guilty of the fraud, was carried out in Merrill v. Pike, 94 Minn. 186, 102 N. W. 393, where it was held that plaintiff need not tender a return of the money received after being notified by the answer of defendant's claim of a settlement.

There are many cases in other states which hold to the doctrine that substantial justice is secured and the spirit of the rule followed where no return or offer to return is made in the pleadings, but where the money received on the settlement is deducted from the amount of the recovery, in case there be a recovery for a greater sum. Some cases hold this on the ground that, where plaintiff was entitled to the money irrespective of the contract, it is inequitable that he should be required to pay it back as a condition of rescission; others, on the ground that equity will not compel the doing of a useless act, and will not permit a mere technicality to defeat justice. But the real ground of all the cases, we think, is that there is no reason for the strict application of the rule when substantial justice can be meted out in the final disposition of the case. See 9 Cyc. 439; note to Hayes v. Atlanta (N. C.), 10 Am. & Eng. An. Cas. 737; note to Rockwell v. Capitol, 25 App. Cas. D. C. 98, 4 Am. & Eng. An. Cas. 648; St. Louis v. Richards, 23 Okl. 256, 102 Pac. 92, 23 L.R.A.(N.S.) 1032; Hedlum v. Holy Terror, 16 S. D. 261, 92 N. W. 31; Kley v. Healy, 127 N. Y. 555, 28 N. E. 593; Bowe v. Gage, 127 Wis. 245, 106 N. W. 1074, 115 Am. St. 1010; 24 Am. & Eng. Enc. (2d ed.) 320.

It is not strictly logical to say that plaintiff was entitled to retain the money paid because it was due him by virtue of the original liability, because the question of defendant's liability was not then determined. But we are of the opinion, and so hold, that it was not necessary for plaintiff to do a useless act, that all that is required by equity is that substantial justice be done, that this is done when the amount received on the settlement is credited on the verdict, and that it would be a profitless proceeding to send this case back for a new trial in order that defendant may have an opportunity to refuse an offer of plaintiff to return the money received. The offer is nothing. It is the actual return of the money received that is the material thing. This has been done by the verdict. The only contingency that might change the result would be in case the offer was accepted and plaintiff failed to recover on his cause of action. But we cannot conceive of such a result in this case. The question, therefore, is only a technicality.

In actions in equity to rescind, a previous tender or offer to return is not required. What plaintiff ought to do, and must do as a condition of the rescission, is a question which the court will determine in its decision. So, in rescission by the defrauded party's own act, when the case is one to recover money damages for personal injuries, and the thing received in settlement was money, the rights of the parties can be easily and equitably adjusted in the action, and a strict application of the rule requiring an offer to return the money received is not in accordance with principles of equity. Where specific real or personal property is received in settlement, there is reason for requiring a tender, as there would be difficulty in adjusting the rights of the parties in an action at law to recover damages.

4. Whether plaintiff elected to rescind the settlement within a reasonable time after discovery of the fraud was a fair question for the jury, and the evidence supports the verdict on this point.

5. On the question of damages, it is only necessary to say that in our opinion they are not so excessive as to warrant our interference.

Order affirmed.