# April Term, 1918.

## No. 9033.

### CARLSON ET AL. v. RENSINK ET AL.

1. VENUE—*Action for Tort.* Action for fraud in procuring an exchange of lands. The lands parted with by defendants, and as to which false representations were alleged, were situated in Arapahoe County. All parties were residing in Denver at the time of the transaction, and at the institution of the plaintiffs' suit. Motion to change the venue to Arapahoe, denied.

Judgment affirmed.

2. FRAUD—*Relief Against.* A promissory note and a deed of trust upon land, securing it, were obtained by fraud. In an action against one who obtained the note after maturity, a judgment cancelling both the note and the deed of trust was affirmed. There being, under the circumstances of the case, no other relief possible, that the action was in tort, for damages, was held no bar to this equitable form of relief.

*Error to Denver District Court, Hon. Haslett P. Burke, Judge.*

Mr. HENRY HOWARD, JR., for plaintiffs in error.

Mr. JOHN D. MILLIKEN, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought to recover damages for the alleged fraud and deceit of Oscar H. Carlson, one of the defendants, in a transaction involving an exchange of ranch property owned by him, for Denver city property, owned by William and Johanna Rensink, plaintiffs, and for the cancellation of a note and trust deed for $500.00 in favor of defendant Hulda M. Carlson, Oscar's wife, given in the exchange of properties. That note was, after maturity, transferred to the other defendant, Anderson. The jury returned special findings to the effect that defendant Carlson showed plaintiffs other and different land than the tract owned by him, which was to be exchanged, with an intent to deceive and mislead them; that the land shown by Carl-

son was worth $20.00 more per acre than the land which he actually owned and proposed to trade; that the other defendants knowingly and deliberately participated in the deception, and·that the note in question was taken by Anderson to aid in the consummation of the fraud. That the moving cause of the deal was the false and fraudulent representations of Oscar.

Upon such findings the court entered judgment against Carlson in damages for the sum of $1,410.00. The note and trust deed were ordered cancelled and the amount of the note deducted from the judgment, reducing same to $910.00, in default of payment of which Carlson was ordered confined in the county jail for a period not to exceed four months. Defendant Anderson had foreclosed the deed of trust, and the certificate of purchase under the foreclosure was decreed to be the property of plaintiffs. Defendants bring the cause here for review.

Error is assigned on the refusal of the court to grant a change of venue to Arapahoe County for the reason that the land owned by Carlson, and exchanged through the alleged fraud, was situated in that county. The theory of defendants is that if a tort was committed it was committed in that county. The residence property exchanged by plaintiffs for the land is in the City and County of Denver. Both plaintiffs and all the defendants, at the time of the transaction resided in the latter county, and did so reside when this action was brought, and service of process was had therein.

In *D. & R. G. R. R. v. Cahill*, 8 Colo. App. 162-7, 45 Pac. 286, the following rule is announced:

"In an action for tort, which is this case, the county where the defendant resides, and the county where the plaintiff resides and the defendant is served, and the county where the tort is committed, are equally proper counties for trial; and if the action is commenced in any one of these counties, the place of trial cannot be changed on the ground that the county designated is not the proper county."

Under this decision it was not error to deny the application for a change of venue.

It is urged that there was no evidence to warrant the cancellation of the note and trust deed in the hands of defendant Anderson. It appears that he got the note more than two years after it became due, and that he traded "some other old and overdue paper" for it. The jury found that he secured the note as a part of the plan to defraud plaintiffs. In any event he took the note when it was long overdue and cannot, therefore, claim immunity as an innocent purchaser for value. Manifestly the judgment of the District Court should not be disturbed upon this contention.

The cancellation of the note is also objected to for the reason that the cause of action is in damages, and such cancellation amounts to at least a partial rescission of the contract, and was therefore erroneously decreed.

It was alleged, and the testimony supports the claim, that Carlson was insolvent and had concealed his property in fraud of creditors; that the real estate conveyed to his wife, Hulda, by plaintiffs had been transferred and that it was beyond Carlson's power to restore it. And further, that rescission had been made impossible by the acts of the defendants themselves. In such circumstances plaintiffs could not elect as to remedy. They had but one, which was for damages. The cancellation of the note involves rather a question of relief than of remedy. There is but one remedy, the relief is twofold. Directing the cancellation of the note was merely a practical way, in view of the circumstances of the case, of applying relief under the only remedy that plaintiffs had. Damages had been fixed at $1,410.00, from which was deducted the face value of the outstanding $500.00 note. It would be absurd to hold that this could not be properly done. This is not a judgment for both rescission and damages, nor an improper joinder of causes. It is simply an instance, such as is discussed in *Mullen v. McKim*, 22 Colo. 474, 45 Pac. 416, where this court, after quoting with approval from Sec. 171 of Bliss on Code Pleadings, proceeds as follows:

"In such cases, as is well stated by Professor Bliss, in seeking what is still called legal and equitable relief, the

plaintiff does not really unite two different causes of action, for there is but one. He only seeks the two-fold relief for the one wrong."

In *Marple v. Minneapolis & St. L. Ry. Co.*, 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082, plaintiff brought action for damages after having accepted a sum of money from the railway company under contract of settlement. The amount so received was not tendered back to the company, but was deducted from the damages awarded. In discussing this phase of the case the court said:

"There are many cases in other states which hold that substantial justice is secured and the spirit of the rule followed where no return or offer to return is made in the pleadings, but where the money received on the settlement is deducted from the amount of the recovery, in case there is a recovery for a greater sum. Some cases hold this on the ground that, where plaintiff was entitled to the money irrespective of the contract, it is inequitable that he should be required to pay it back as a condition of rescission; others, on the ground that equity will not compel the doing of a useless act, and will not permit a mere technicality to defeat justice. But the real ground of all the cases, we think, is that there is no reason for the strict application of the rule when substantial justice can be meted out in the final disposition of the case."

It appears that the judgment rendered is just and that the cancellation of the note in effect amounts to no more or less than a partial liquidation of the damages awarded plaintiffs.

The instructions given fairly and correctly state the law of the case, and the assignments of error based upon a refusal to give instructions tendered by defendants are not well taken. The other assignments not specifically referred to are also without merit.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Hill and Mr. Justice Allen concur.