## THE HELVETIA COPPER COMPANY v. HART-PARR COMPANY.[1]

### February 21, 1919.

### No. 21,039.

**Accord and satisfaction — avoidance for fraud — case followed.**

1. Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, followed, to the effect that the question whether plaintiff had a right to avoid a settlement for fraud was a question of fact for the jury.

**Same — no estoppel in pais.**

2. Plaintiff was not, as a matter of law, barred by estoppel, by its acts, or by acquiescence, from avoiding the settlement.

[1]Reported in 171 N. W. 272, 172 N. W.

**Same — return of money paid on liquidated claim not condition precedent.**

3. In repudiating a settlement for fraud, it is not necessary as a condition precedent to return the amount of a payment made on a liquidated claim justly due and owing, simply because the payment was made as part of the transaction of settlement.

**Sale of machine — remedy for breach of warranty limited by contract.**

4. A provision in a sale contract that the sole remedy for breach of a warranty shall be a return of the article sold and recovery of the price paid, is a valid provision, and an action for damages for such breach cannot be maintained.

**Same — refusal of vendor to accept return of machine.**

5. The refusal of the vendor to receive a return and refund the price does not revive the remedy of damages for breach of warranty.

After the former appeal reported in 137 Minn. 321, 163 N. W. 665, the case was tried before Steele, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $6,822.72. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted as to part of issue.

*T. J. Stevenson, W. B. Anderson* and *Lawrence & Murphy,* for appellant.

*George T. Simpson, Henry W. Volk,* and *Gordon Cain,* for respondent.

On February 21, 1919, the following opinion was filed:

HALLAM, J.

This is an action for damages for breach of warranty in the sale of a tractor. In May, 1909, at Charles City, Iowa, defendant contracted to sell to plaintiff an "80 brake horse power 40 tractive horse power gas tractor" to be shipped to Vail, Arizona. Plaintiff agreed to pay the freight and to pay a price of $4,300 less 5 per cent discount for cash. The tractor was shipped and arrived at Vail October 8, 1909. Plaintiff paid the freight and the cash price.

The contract contained the following warranties: "It is warranted that it is well made and of good materials and workmanship. That if properly operated it will develop the rate brake horse power continu-

ously and easily. That it will successfully operate a threshing outfit of a size and capacity usually operated successfully by an ordinary steam traction engine, the actual brake horse power rating of which is the same. That for road purposes it will as successfully draw the threshing outfit used with this engine as an ordinary steam traction engine of like actual brake horse power rating will handle its load. That for tractive work on firm footing and level ground, it will pull the same load that can be successfully and continuously pulled week after week by as many ordinary horses as are represented by its tractive rating."

The contract contains this further stipulation: "If inside of six days from the day of its first use it shall fail to fill the warranty with respect to the development of power, notice shall be given to the Hart-Parr Company at their office at Charles City, Iowa, by registered letter or telegram, stating particularly wherein it fails to fill the warranty, and reasonable time given said company to send a competent person to remedy the defects, if any there be, the purchaser rendering the necessary and friendly assistance. If the engine cannot be made to develop the guaranteed power it shall be returned by the purchaser free of charge to the shipping point where received, and the payments made will be refunded, and no further claim is to be made on the company."

The complaint alleges that within the six days the engine failed to develop the guaranteed power; that defendant's agent and expert was present at the time and observed the failure, and undertook to remedy the defect and represented that he had done so; that thereafter plaintiff attempted to use it, but "the same defects in workmanship, material and design and failure to develop power appeared * * * and additional defects appeared, in that * * * the explosions in the cylinder * * * were not regular and frequently missed," thus diminishing the motive power; that the cooling system was improperly designed so that it became overheated; that the nuts, bolts and castings were of inferior workmanship and material, improperly fitted and joined. It is further alleged that it has been impossible to repair and readjust the engine so that it will operate as provided in the contract; that the defects in construction, workmanship and material are irremediable; that the engine was a total failure.

The complaint then alleges that on April 26, 1910, plaintiff offered

to return the tractor and demanded the return of the purchase price, that defendant refused to accept the return or to repay the purchase price.

There is evidence to sustain these allegations of the complaint.

The answer denies all breaches of warranty, denies the offer to return, and alleges that on April 26, 1910, all differences between the parties were settled and adjusted in consideration of payment of $493.88 by defendant and the cancelation of an account of $309.60 against plaintiff, and that plaintiff acquiesced in said settlement for several years.

Plaintiff in reply alleges that the settlement was procured by misrepresentation to the effect that certain new parts would put the engine in good working order and bring about a fulfilment of the original warranty, and for this misrepresentation plaintiff asks that the settlement be set aside.

Plaintiff did not rest on its alleged rescission of the contract. At the opening of the trial plaintiff's counsel stated that the case was to be tried as one in damages for breach of warranty. The case was so tried and submitted. The jury returned a verdict for $6,822.72.

1. On a former appeal, 137 Minn. 321, 163 N. W. 665, this court held on the evidence then before it that the question whether plaintiff was entitled to relief from the settlement of April 26, 1910, on the ground of misrepresentation, was a question of fact for submission to a jury. The evidence on that point is not substantially different on the record now presented. We adhere to our former decision, and hold that it was not error to submit this question to the jury.

2. Defendant contends that the settlement was never disaffirmed but was treated by both parties as valid and binding until the commencement of this action and that "plaintiff has been guilty of such long continued neglect of his alleged rights * * * as to effectually estop it" from setting the settlement aside. We find no element of equitable estoppel in the case. There is at least no conclusive evidence that defendant was prejudiced by the delay. Yet apart from the matter of estoppel a party may affirm a fraudulent settlement by affirmative acts or even by long acquiescence after discovery of the fraud. Whether the fraud is condoned and the settlement ratified is usually a question of fact for the jury. Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262,

132 N. W. 333, Ann. Cas. 1912D, 1082; Brainard v. Van Dyke, 71 Vt. 359, 45 Atl. 758. It was in this case. Plaintiff's evidence is that after the settlement and after the making of the repairs which it was represented would put the tractor in working order, the tractor was tried out again, but it failed to fulfil the warranties, and it was then laid aside. An attempt was made by plaintiff in 1913 to sell the tractor. Defendant contends that this was conclusive evidence of ratification of the settlement, but plaintiff explains that this attempt to sell was made upon the suggestion of the defendant. Plaintiff was not quiescent. In July, 1913, it wrote defendant reasserting its claim that the tractor failed to fulfil "any of the quality or efficiency provisions" contained in the sales contract. There was other correspondence and other negotiations. The same promptness is not required in disaffirming a release of damages as is required in rescinding a sale for fraud. Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082. We cannot say as a matter of law that plaintiff ratified the settlement.

3. Defendant contends that, as a condition to repudiation of the settlement, plaintiff was obliged to return the consideration. The consideration was the cancelation of an account held by defendant against plaintiff and the payment of $493.83 in cash. The former item manifestly could not be returned. Defendant still had its account and could still have sued on it. It had not become outlawed when issue was joined in this action. The latter item is made up of items of expenditures made by plaintiff upon the tractor in trying to make it work. Some were concededly just claims. Plaintiff claims that all were justly due and owing and that defendant so agreed at the time of the settlement. Defendant denies that it conceded the correctness of these items, but no evidence is offered to contradict plaintiff's testimony that they were correct. There is some controversy in the authorities as to the necessity of return of consideration paid in repudiating a settlement for fraud. The general rule is that, upon rescission, the consideration should be returned. It has in some cases been held that, if the rights of the parties can be easily and equitably adjusted in the action brought upon the original demand, a strict application of the rule requiring an offer to return the money received will not be enforced. Marple v. Minneapolis

& St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082. We think this much is clear, that a party repudiating a release cannot be required, as a condition precedent, to return the amount paid upon a specific liquidated demand justly owing, simply because it was paid as part of the transaction of settlement. See 9 Cyc. 441.

4. Defendant contends that the remedy provided by contract for breach of warranty is exclusive, and that an action for damages for breach of warranty does not lie. So far as the remedy is provided by contract, it is undoubtedly exclusive. This rule is well settled. Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227; Larson v. Minneapolis T. M. Co. 92 Minn. 62, 99 N. W. 623; Wilson v. Nichols & Shepard Co. 139 Ky. 506, 97 S. W. 18; Sturtevant Mill Co. v. Kingsland Brick Co. 74 N. J. Law, 492, 70 Atl. 732. This contract provides that, if the tractor "shall fail to fill the warranty with respect to the development of power," after proper notice and an opportunity to remedy the defects it shall be returned, and the price will be refunded and no further claim will be made on the seller. This provision is a valid and binding one. In the event of the failure of the tractor to develop the guaranteed power, the only right of the plaintiff was to return the tractor and demand a return of the purchase price, and, if return of the price was refused, then to recover it in an action at law.

5. The contention of plaintiff is, that when plaintiff offered to return the tractor, defendant refused to receive it, and that "defendant having broken its agreement to return the price, that part of the contract is eliminated," or, in other words, that when defendant refused to refund the purchase price the right accrued to sue generally for breach of warranty. The trial court apparently submitted the case to the jury on this theory. This we think was error. We do not understand that a refusal to receive a return of the tractor and to refund the price, made perhaps in good faith, and under a bona fide claim that refundment was not due, will give rise to the right to sue for damages for breach of warranty, a right which was expressly contracted away. We have carefully examined the authorities cited by counsel for plaintiff, and they do not sustain plaintiff's proposition, nor do we find any decision directly in point. There is plenty of authority for the proposition that, upon refusal of the seller to receive the goods when tendered, the duty of the buyer is

fulfilled and any further tender or effort to return is waived. See 35 Cyc. 440. But that is not the point at issue here. The contract provides the remedy for its breach by defendant. Breach by defendant will not give rise to another remedy.

The result is that plaintiff cannot recover damages for breach of the warranty as to power or capacity of the engine. From the manner in which the case was submitted to the jury, they were permitted to consider the breach of this warranty in assessing damages. For this reason the verdict cannot stand. It does not follow that defendant is entitled to judgment. It may be that under the principle laid down in McCormick H. M. Co. v. Fields, 90 Minn. 161, 95 N. W. 886, plaintiff may prove a breach of the first warranty, that is, the warranty that the tractor was "well made and of good materials and workmanship." This question was not argued. We do not decide it. We do not foreclose it.

A new trial will be granted. We are not disposed to grant a new trial as to all issues. A new trial may be granted as to less than all of the issues when the trial is erroneous as to only part of them. Buck v. Buck, 122 Minn. 463, 142 N. W. 729; Hagstrom v. McDougall, 131 Minn. 389, 155 N. W. 391; Smith v. Great Northern Ry. Co. 133 Minn. 192, 158 N. W. 46. There have been two trials of this case. The question of the validity of the release has now been twice tried and twice considered by this court. The second trial in the district court was without error on this point and after a full and fair trial the jury determined that the release was invalid. We are of the opinion that this verdict should stand. We, therefore, grant a new trial only for the purpose of litigating, in accordance with the rules stated in this opinion, the question of breach of warranty and damages.

Reversed. New trial granted as to part of the issue.

On April 25, 1919, the following opinion was filed:

PER CURIAM.

After a second exhaustive examination of the record and briefs in this case on plaintiff's petition for a reargument, we are obliged to adhere to our former opinion.

The points on which the decision turned were fully discussed in the original briefs and fully argued at the hearing.

One of the main contentions of appellant was that for breach of warranty the remedy provided by the contract, namely, the return of the property and recovery of the price, was exclusive. The assignments of error raised this question. The contention of the appellant this court sustained in part, that is, as far as concerns the breach of warranty of power. This required a reversal. We did not decide that the contract precluded recovery of damages for the breach of warranty of good workmanship and material. That is, we did not wholly sustain appellant's contention. To that extent the decision was against the appellant and favorable to respondent.

Respondent now contends that the verdict determined every fact essential to a recovery of the purchase price on the theory that it had tendered a return of the tractor and it now contends that the verdict should stand for that amount.

This point was not made in the briefs or on the argument. Taking the position that plaintiff was entitled to its action for "damages for breach of warranty," respondent's counsel explicitly stated to this court that "that is the action which was actually tried and that is the case which is actually before this court." But this court did not overlook the point which is now urged. The case was not disposed of by this court on any question of pleading or practice nor on what counsel are pleased to term their "erroneous mental conception of the proper theory of the case." If every fact essential to a recovery of the purchase price had been determined by the verdict we should not have awarded a new trial. But such is not the record. For example there was evidence that respondent exercised dominion over the property after the offer to return. Whether it did do so is in no manner determined by the verdict. Yet this fact would be important and might be vital in determining respondent's right to recovery of the purchase price.

Motion for reargument denied.