## TIMOTHY KEEFE v. ARCHIBALD C. JEFFERSON.[1]

February 10, 1922.

No. 22,647.

**Rescission of contract for fraud—return of money received.**

1. To entitle a party to rescind a contract for fraud it is not necessary to return or offer to return money received under the contract, liquidated in amount, to which he has just and legal claim.

**Offer at trial to return money sufficient.**

2. Plaintiff received in settlement of a claim against defendant the sum of $4,500, of which he was legally entitled to $4,100; he sought to rescind for fraud; it is *held* that it was not necessary, to justify the rescission, that he return the amount conceded his due, and that an offer to return the balance, or $400, at the trial answered every purpose of the law requiring such return, as a condition to the right to rescind.

Action in the district court for Ramsey county to rescind a settlement and for an accounting. The case was tried before Brill, J.,

[1]Reported in 186 N. W. 789.

who at the close of the testimony granted defendant's motion for judgment on the pleadings in his favor. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*J. P. Kyle,* for appellant.

*Denegre, McDermott, Stearns & Weeks* and *Moore, Oppenheimer, Peterson & Dickson,* for respondents.

BROWN, C. J.

It appears from the record that for several years prior to 1920 plaintiff had been in the employ of defendant as superintendent of certain lumber yards operated by him in the city of St. Paul and in South St. Paul. By the terms of the employment plaintiff was to receive as his compensation, in addition to a fixed sum of $2,000 per year payable in monthly instalments, 25 per cent of the net profits of the business under his charge. His term of service ended on December 31, 1919, and he then became entitled to an adjustment of the amount due for the preceding year, measured by the net profits of the business. When he applied for it defendant stated, having before him balance sheets from the books of account showing the net profits of the business, that there was due plaintiff the sum of $4,100. Plaintiff insisted that more was due, to which defendant did not assent. But defendant then offered to pay plaintiff as in full of his claim the sum of $4,500. Whereupon plaintiff inquired whether the account from which defendant computed the amount was made up in accordance with the terms of their contract and defendant assured him that it was. Plaintiff then accepted defendant's check for $4,500; the check was cashed and the money realized thereon. This all occurred on January 14, 1920. About two weeks later, or on January 27, 1920, plaintiff discovered, so he claims, that the representation or statement of defendant that the balance sheets taken from the books disclosed the correct state of plaintiff's account, as fixed by the contract of employment, was untrue and not in accordance with the facts, and that by the true account plaintiff was entitled to receive from the defendant the sum of $8,000, instead of $4,100, the amount conceded by defendant, and he promptly gave written notice that he declined to accept the pay-

ment of $4,500 as in full of his rights, demanding an accounting and full settlement of what was due him. To this demand defendant paid no attention, and in March following plaintiff brought this action, alleging in the complaint the facts in reference to his employment; the compensation and method of ascertaining the amount thereof; the payment of the $4,500; that plaintiff was entitled to an amount largely in excess thereof, and charging a fraudulent manipulation of defendant's books of account with the design of defrauding plaintiff of the amount justly due him. The relief demanded was an accounting, and for judgment against defendant in harmony with the result thereof. Defendant interposed by his answer a denial of all allegations of misrepresentation or fraud stated in the complaint, and affirmatively alleged that the payment of $4,500 to plaintiff on January 14, 1920, was in full settlement and adjustment of all his claims under the contract of employment. Plaintiff by reply denied the settlement.

Upon the issues thus presented the cause came on for trial a year later, January 9, 1921, before the court without a jury. At the conclusion of the opening statement of the case by counsel for plaintiff, defendant made the points: (1) That from counsel's statement it appeared that a settlement had in fact been made, as alleged in the answer, and that the complaint was defective and insufficient since it contained no allegation that plaintiff, in entering into the same, relied upon the alleged false representation made the basis of the alleged right to avoid the settlement; and (2) that there was no allegation in the complaint that upon discovery of the alleged fraud plaintiff promptly or at all returned or offered to return the money paid him, therefore that the settlement was ratified and confirmed. This brought on an extended colloquy between the court and counsel, involving the admission of certain facts, and finally an amendment to the complaint, so that the action became one to rescind the settlement and for an accounting; in its original form the action was for an accounting only. Whereupon defendant moved for judgment on the pleadings and agreed facts and record thus made up, on the ground that on discovery of the alleged fraud, or within a reasonable time thereafter, plaintiff neither returned nor offered to return

the money paid him on the settlement, and still retains the same. The court ruled that the failure of plaintiff to return or offer to return the money within a reasonable time was fatal to his right of action. Plaintiff then offered in open court to make such return, but the court held that the offer came too late, that the lapse of a year after discovering the fraud was an unreasonable delay, and judgment was accordingly ordered for defendant. Plaintiff appealed from an order denying a new trial.

The only question presented is whether there was a ratification of the settlement, after knowledge of the fraud, by plaintiff's failure within a reasonable time to return the consideration paid, the lapse of a year before doing so being conceded, in harmony with the ruling of the learned trial court, an unreasonable delay. We think on the facts here disclosed that the question should be answered in the negative. The rule requiring such return is a well established principle of law of rescission of contracts procured by fraud. But it has its exceptions and qualifications, and has not always been strictly enforced in this state. Marple v. Minneapolis & St. Louis R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Althoff v. Torrison, 140 Minn. 8, 167 N. W. 119; C. W. La Moure v. Cuyuna-Mille Lacs Iron Co. 147 Minn. 433, 180 N. W. 540. The case at bar comes within the exception applied in Helvetia Copper Co. v. Hart-Parr Co. 142 Minn. 74, 171 N. W. 272, 767. It was there held that to entitle a party to rescind a contract for fraud it is not necessary to return money paid him thereon which he was justly and legally entitled to receive. There a certain part of the consideration paid on the contract was concededly due and owing the defrauded party and his failure to return it was held not fatal to the right to rescind.

In the case at bar plaintiff was entitled to the sum of $4,100 of the money paid; that being conceded by defendant at the time of the settlement and not now disputed, that concession must, for the purpose of testing the effect of plaintiff's failure to return the money on discovering the alleged fraud, be taken as a fact. It was not necessary then that plaintiff return that part of the money, and the rule requiring a return in such case is not so exacting as to penalize

plaintiff for the failure to return the excess of $400; the failure to return that amount was not prejudicial to defendant. As to that part of the money the offer to return made at the trial answered every purpose of the law. Helvetia Copper Co. v. Hart-Parr Co. supra. The case is unlike Maki v. St. Luke's Hospital, 122 Minn. 444, 142 N. W. 705. There the money was accepted on advice of counsel with full knowledge of all the facts, and plaintiff was not entitled to any part thereof as a matter of legal right.

For the reasons stated plaintiff did not lose his right to an accounting after rescission of the settlement, and the order appealed from must be reversed with a new trial.

It is so ordered.