Baldwin et ux. v. The Mississippi and Missouri Railroad Company.

BALDWIN *et ux* v. THE MISSISSIPPI AND MISSOURI RAILROAD COMPANY.

Section 1705 of the Code, in relation to bringing suits against corporations, &c., is permissive, and not mandatory.

Whilst section 1727 of the Code, prescribes the manner in which service may be made on a corporation, or the person upon whom the notice may be served, it does not require the action to be brought in the county where such officers or clerk may reside.

So, section seventeen of the act entitled "an act granting to railroad companies the right of way," approved January 18, 1853, which provides that all process against such corporations shall be served on the president or secretary, or by leaving a copy at the principal office of the corporation, does not require that suit shall be brought in the county where such officers reside, or such principal office may be kept.

A railroad corporation may be sued in any county through which the road passes, or in which the corporate powers of the company are exercised.

Where an action was brought against a railroad corporation in the county of M., through which the said road passes, and service was made on the secretary of said company; and where the defendant appeared, and having shown that the principal place of business of said company was at D., in the county of S., moved that the venue in said cause be changed to said county of S., which motion was sustained, and the venue so changed; *Held*, That the suit was properly brought, and the court erred in changing the venue.

*Appeal from the Muscatine District Court.*

WEDNESDAY, JANUARY 27, 1858.

This action was brought in the Muscatine district court, to recover damages for an injury occasioned to plaintiff, (Bashalia Baldwin,) from the negligence and carelessness of the servants and agents of said defendant. The petition charges, that said company was, at the time of said injury, the owner of a railroad located in this state, running from Davenport to Iowa City, and was then and there engaged in running a certain train of cars on said road. It also charges, that the said Bashalia was injured in the said county of Muscatine. The notice was served upon the secretary of said company. The defendant appeared, and it being shown that said corporation had its

Baldwin et ux. v. The Mississippi and Missouri Railroad Company.

principal place of business in Davenport, in the county of Scott, moved that the venue in said cause be changed to said Scott county. This motion was sustained, and plaintiffs excepted, and from the said order now appeals.

*H. O'Connor*, for the appellants.

*Cook, Dillon & Lindley*, for the appellees.

WRIGHT, C. J.—Had the plaintiffs a right to bring their action in Muscatine county? is the only question presented for our determination. And this question we must answer in the affirmative. If section 1705 of the Code, refers to such a case as the one before us, it by no means follows, that a party may not bring his action in some county, other than that where the office or agency of the corporation is situated. This section, it has heretofore been said, is permissive, and not mandatory. The plaintiff may sue in such county, or is at liberty to pursue the usual and general course. *Dean* v. *White & Haight, ante* 266. Section 1727 only prescribes the manner in which service may be made on a corporation, or the person upon whom the notice may be served. It cannot, however, be concluded from that section, that the action must be brought in the county where such officers or clerk may reside. And the same may be said of section seventeen of the act granting the right of way to railroad companies. Laws of 1853, 62. "Except where otherwise provided, personal actions must be brought in a county wherein some of the defendants actually reside." Code, section 1701. By section 26, clause 13, the word "person," as used in the Code, extends to bodies corporate and politic.

It is said in *Bristol* v. *Chicago and Aurora R. R. Co.*, 15 Ills., 436, that "the residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecu-

tion of the corporate enterprise. This corporation has a legal residence in any county in which it operates the road, or exercises corporate powers and privileges. In legal contemplation, it resides in the counties through which its road passes, and in which it transacts its business."

And in this case, this corporation was as much engaged in prosecuting the enterprise for which it was brought into being, in the county of Muscatine, as in the county of Scott. The road was operated, and the corporate powers of the company were exercised, in Muscatine county, and there it might be sued. It was certainly never the intention of the legislature, that for every injury to the person or property of an individual, by the carelessness of the agents and officers of these companies, the injured party should be compelled to bring his action in the county where the principal place of business of such corporation might be located. In our opinion, the suit was properly brought, and the venue should not have been changed.

[END OF CASES DECIDED AT THE DECEMBER TERM, A. D. 1857.]