260        SUPREME COURT CASES—1859.

Richardson & Co. v. The Burlington and Missouri River Railroad Co.

## RICHARDSON & Co. *v.* THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY.

Where notice of the taking of a deposition in Mount Pleasant, Henry county, on the 26th of July, 1858, was served on the attorney of the defendant, in DesMoines county—a distance of thirty miles from the place where the deposition was to be taken—on the 21st of July; *Held,* That the notice was not sufficient.

The service of an original notice against a railroad company, upon the track master of the company, where, it appears that the corporation has officers, is not sufficient to give the court jurisdiction of the company.

A track master of a railroad company, is neither an officer nor a clerk, engaged in the active management of the ordinary business of the corporation, within the meaning of section 1727 of the Code, nor a president or secretary, as provided for in section 17 of the act entitled " An act granting to railroad companies the right of way," approved January 18, 1853.

A railroad corporation, in legal contemplation, resides in the counties through which its road passes, and in which it transacts its business, and may be sued in any county through which the road passes.

Where in an action against a railroad company, commenced in the county of Henry, the defendant moved for a change of venue to the county of DesMoines, on the ground that they were a corporate body, organized under the laws of the state of Iowa, and have their principal place and officers for transacting their business, at Burlington, DesMoines county, and so had at the time this suit was commenced; that the original notice was served on defendants, in said DesMoines county, by service thereof by the sheriff of said county, on J. G. T., treasurer of defendant, at his office in Burlington, and on the track master in Henry county, and in no other way or manner; and that the present suit is about a matter growing out of, and connected with, the said office, which motion was sustained, and the venue changed accordingly; *Held,* That the court erred in changing the venue.

### *Appeal from the Henry District Court.*

### MONDAY, APRIL 11.

THE plaintiffs appeal from the orders of the district court, suppressing a deposition, and awarding a change of venue. For the facts, see the opinion of the court.

*Ambler & Woolson,* for the appellants, cited *Baldwin et*

*ux.* v. *The M. & M. Railroad Co.*, 5 Iowa, 518 ; *Bristol* v. *Chicago and Aurora R. R. Co.,* 15 Ill., 436.

*D. Rorer*, for the appellees, cited Code, 329 ; *Bddiucum* v. *Kirk*, 3 Cranch, 293 ; *Bank of U. S.* v. *McKinsey*, 2 Brock., 393 ; *Louisville, C. & Ch. R. R. Co.* v. *Letson*, 2 How., 497 ; Angel & Ames on Corp., 97 ; Ib., sec. 407.

WRIGHT, C. J.—A notice was served on defendant's attorney, in Des Moines county, on the 21st of July, 1858, informing him that plaintiffs would proceed to take the deposition of one Crawford, in Mount Pleasant, Henry county, on the 26th of that month. The deposition was taken on the day named. There was no appearance for defendants. A motion was made to exclude, at the next term, upon the ground, among others, that the time given in the notice, was not sufficient. This motion was sustained, and, as we think, properly.

The notice required, in such cases, is, at least, five days, and when taken in the manner adopted in this instance, (an examination without a commissioner), one day in addition is to be allowed for every thirty miles travel from the place where the notice is served, to the place where the deposition is to be taken. Code, section 2453. The rule given for the computation of time, is to exclude the first day and include the last. Section 2513.

The deposition was taken in Mount Pleasant, and the notice served in Burlington. It is conceded, and we know, that the distance between the two places is near thirty miles. The party was entitled, therefore, to at least six days notice. If we exclude the 21st, (the day of service), we would have but five days up to, or including the 26th, the day of the taking. There was not sufficient time, and the deposition was properly excluded. The other question made as to this part of the case, we need not examine,

The plaintiffs sue for a large amount of wood, sold and delivered to defendant under a written contract, a copy of which

is annexed to the petition, and for damages resulting to them from the failure and refusal of defendant to receive other wood mentioned in said contract.   This agreement, or contract, provides that plaintiffs are to deliver, by a time named, one thousand cords of wood, on the premises of defendants in Henry county, for which the plaintiffs were to be paid $1,80 per cord, "in monthly payments, according to the estimates of the agent," and upon the delivery of the whole amount, the further sum of 45 cents per cord.   An attachment issued, which was served in Henry county, upon certain personal property.   A notice was placed in the hands of the sheriff of Henry county, who returned it served, "by reading to one Mr. Hinkle, the track master of said railroad company, and who was in charge of the property of defendant."   The sheriff of Des Moines county served an original notice, also, upon the local treasurer of the company.

A motion was filed by defendants for a change of venue to Des Moines county, for the reason that " they are a corporate body, organized under the laws of the state of Iowa, and have their principal place and officers for transacting their business, at Burlington, Des Moines county, and so had at the time this suit was commenced ; that the original notice was served on defendants, in said Des Moines county, by service thereof by the sheriff of said county, on John G. Foote, treasurer of defendants, at his office in Burlington, and on the track master in Henry county, and in no other way or manner; and that the present suit is about a matter growing out of, and connected with, the said office."   This motion, as stated in the record, was supported by testimony, and the venue, therefore, changed as prayed.

Service upon the track master was not sufficient.   It appears that the corporation had officers, and he was neither an officer nor a clerk, engaged in the active management of the ordinary business of the corporation, within the meaning of section 1727 of the Code, nor a president or secretary, as provided for in section 17, Laws 1853, 62.   Not

only so, but if the residence of defendants was Des Moines county, the service, though sufficient, would not compel them to submit to the jurisdiction of the court in Henry county, after demanding a change of venue. It is only where a party is a non-resident, that he may be sued in any county, other than that of his residence, in which he may be found. Code, section 1701.

The material question is, whether defendants had a residence in Henry county. And this must be regarded as settled, by the case of *Baldwin & Wife* v. *M. & M. R. R. Co.*, 5 Iowa, 518. It was there held that a corporation, (like a railroad company), in legal contemplation, resides in the counties through which the road passes, and in which it transacts its business; that it has a legal residence where it exercises corporate power and privileges. This case is like that in its essential features. This company is as much engaged in prosecuting the enterprise for which it was brought into being, in the county of Henry, as in the county of Des Moines. It there operates its road, and exercises corporate powers and functions, and there it may be sued.

It is unnecessary to determine whether the place of payment or performance, is so fixed by the terms of the contract upon which suit is brought, as to authorize the action to be brought in Henry county, under section 1704 of the Code. Upon the ground above stated, we conclude that the venue was improperly changed, and the order to that effect will be reversed.