JOSEPH MATT, Appellant, v. IOWA MUTUAL AID ASSOCIATION, OF OTTUMWA, IOWA, Appellee.

1. Insurance : BENEFIT CERTIFICATE : LIMITATION OF ACTION. Under a clause in a certificate of insurance in a mutual benefit association limiting the time for action thereon to six months, after the death of the assured, the limitation will not commence to run until the cause of action on such certificate matures.

2. ——— : ——— : VENUE. A condition in a contract limiting the venue or place where action may be brought thereon is invalid.

*Appeal from Clayton District Court.*—HON. L. E. FELLOWS, Judge.

WEDNESDAY, OCTOBER 15, 1890.

THIS is an action in equity upon a certificate of life insurance issued to Andreas Matt, payable upon his death to plaintiff, asking a decree that defendant be required to make an assessment based on the death of said Andreas Matt, and pay the proceeds to plaintiff. The defendant demurred to the petition upon the following grounds: That the petition shows that plaintiff's right to sue was barred or cut off by the limitation clause of the policy ; and that under the terms of the policy suit can only be brought in Wapello county. The demurrer being sustained, and plaintiff electing to stand upon the petition, judgment was entered dismissing the same, from which plaintiff appeals.

*Murdock & Murphy* and *John Larkin*, for appellant.

*R. E. Price* and *McNett & Tisdale*, for appellee.

GIVEN, J.—I. The clause in the policy out of which these questions arise is as follows: "*Second.*

**1. INSURANCE: benefit certificate: limitation of action.** No action of any kind shall be maintained upon this certificate, or against the association, for any cause connected therewith, except in the county of Wapello, where its principal office is situated; nor unless satisfactory proofs are furnished the association within sixty days; nor unless such action is commenced within six months after the happening of the death on account of which the action is brought,—any statute of limitation or law to the contrary notwithstanding." The appellee contends that under this clause plaintiff's right to sue was barred after six months from the happening of the death. The appellant contends that her right to sue was not barred until six months after the time at which suit could be brought. If appellee's position is correct, then this action was barred, and the demurrer was properly sustained; otherwise not. This precise question was before this court in *McConnell v. Iowa Mut. Aid Ass'n*, 79 Iowa, 757, upon a certificate of insurance similar, if not identical, with this, wherein it was held that the limitation did not commence to run until the cause of action matured. This opinion was carefully reconsidered on a petition for rehearing, and adhered to.

II. The other question discussed is fully, and, to our mind, well answered in May on Insurance, section

**2. ——: ——: venue.** 490, and authorities there cited. The author there says: "A provision in the charter defining the court in which suit may be brought on certain conditions is valid, if the conditions are strictly complied with. If not, suit may be brought in any court having jurisdiction. A condition in the contract limiting the venue or place where the action shall be

brought is invalid. There is an obvious distinction between a stipulation by contract, as to the time when a right of action shall accrue or be lost, on the one hand, and a stipulation as to the forum before which, and the proceedings by which, an action shall be commenced and prosecuted on the other. The one is a condition annexed to the acquisition and continuance of a legal right, and depends on contract, and the acts of the parties ; the other is a stipulation concerning the remedy, which is created and regulated by law. The time within which money shall be paid is matter of contract, depending on the will and acts of the parties ; but, in case of breach, the tribunal before which a remedy is to be sought, the means and processes by which it is to be conducted, affect the remedy, and are created and regulated by law. The remedy does not depend on contract, but upon law, generally the *lex fori*, regardless of the *lex loci contractus*, which regulates the construction and legal effect of the contract. It is, moreover, a well-settled maxim that parties cannot, by their consent, give jurisdiction to courts, and it would seem to follow that parties cannot take away jurisdiction where the law has given it; and mutual and stock companies are equally under the disability." In *Insurance Co. v. Stukey*, 18 Ohio, 455, referred to by appellee, the company was chartered by a special act that fixed the place at which suits must be brought. That decision is based upon the charter, and not upon contract. *Dutton v. Vermont Mut. Fire Ins. Co.*, 17 Vt. 369, is not in point. The question in that case was as to limitation of time and not of place. The provisions of our Code are clearly decisive of this question. The petition shows that the defendant is an insurance company ; that this contract of insurance was made in Clayton county ; and that the assured died in that county. Section 2584 of the Code provides that insurance companies may be sued in any county in which the contract is made, or in which the loss occurs, thereby making the county where such contracts are made, or where such losses occur, the place where the contract is to be performed. The clause of

this certificate limiting the place of bringing actions to Wapello county is contrary to the spirit, if not the letter, of our statutes, and not sanctioned by the law.

Other points stated in the demurrer were not argued, and, therefore, not noticed. Our conclusion is that the demurrer should be overruled. The judgment of the district court is, therefore, REVERSED.