W. J. NICKELL, Plaintiff, v. DISTRICT COURT OF CLARKE COUNTY et al., Defendants.

**VENUE:** Residence of Parties—Resident and Nonresident Defendants. A resident of this state who is sued in a county of which he is not a resident, as a joint defendant with a nonresident railway corporation, may have the entire cause transferred for trial to the county of his residence, even though the railway corporation is operating its line in the county in which suit is brought, it appearing that the nonresident defendant would not be materially inconvenienced by said transfer.

**Headnote 1:** 40 Cyc. p. 120.

**Headnote 1:** 27 R. C. L. 804.

*Certiorari to Clarke District Court.*—A. R. MAXWELL, Judge.

OCTOBER 19, 1926.

Original action in this court by way of certiorari from the action of the district court of Clarke County, in overruling the motion of plaintiff herein for a change of place of trial to Appanoose County.—*Writ sustained.*

*Parrish, Cohen, Guthrie & Watters,* for plaintiff.

*O. M. Slaymaker* and *R. E. Killmar,* for defendants.

ALBERT, J.—One Fred Hinchcliff was killed in a collision between his automobile and an engine of the Chicago, Burlington & Quincy Railroad Company's, in July, 1924, near the town of Humeston, in Wayne County, Iowa. An action was instituted by the administrator of his estate in Clarke County, Iowa, against the Chicago, Burlington & Quincy Railroad Company and William Nickell, defendant Nickell being the engineer in charge of said engine. Nickell, who was, at all times involved herein, a resident of Appanoose County, filed a motion to change the place of trial of said cause to Appanoose County. The district court overruled his application; hence this certiorari proceedings.

It is conceded that the Chicago, Burlington & Quincy Railroad Company is an Illinois corporation, with its principal place of business in the state of Illinois. Hence we have the situation of the two defendants, Nickell, a resident of Appanoose County, and the railroad company, an Illinois corporation, with its principal place of business in the state of Illinois, sued in the district court of Clarke County. The question is whether, under such circumstances, Nickell is entitled to a change of place of trial, as prayed by him.

Section 11041 of the Code of 1924 reads as follows:

"An action may be brought against any railway corporation, the owner of stages, or other line of coaches or cars, express, canal, steamboat and other river crafts, telegraph and telephone companies, or the owner of any line for the transmission of electric current for lighting, power or heating purposes, and the lessees, companies, or persons operating the same, in any county through which such road or line passes or is operated."

Section 11049 of the same Code is as follows:

"Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found."

Section 11053 provides as follows:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

The claim of the defendant is that, under Section 11041, the suit in the lower court was properly brought against the railroad company in Clarke County, and that, therefore, Section 11049 is not controlling in the question before us, because of the exception provided in the last named section. The last named section, 11049, provides that the action must be brought in the county in which some of the defendants actually reside, and we are urged to hold that the instant case is controlled, not by this section, but by the aforesaid section, 11041.

The question most seriously urged is whether or not the railroad company is a resident of Clarke County. If so, then the action was properly brought in Clarke County, and Nickell must fail in his effort to change the place of trial. We have distinguished in this state between a place of suability and a place of actual residence, in *Wiar v. Wabash R. Co.*, 151 Iowa 121, where we held that, under the change-of-venue statute, from the superior court of Shenandoah, the company was not a resident of the city of Shenandoah, within the meaning of the provisions of that section of the statute which provided for a change of venue where the defendant was not a resident of the city, and concluded as follows:

"Following the trend of these cases, as indicated in the above quotations, we think that the word 'resident' as used in this statute is to be construed in its ordinary sense, and that it is available to a railroad company to show by proper affidavit that it 'was not a resident of the city,' and that it is not precluded therefrom by the fact that its railroad passes through the city, and that it maintains a depot and office and transacts business therein. The change of venue to the district court of the county should therefore have been granted, and it was error to refuse."

In that case we discussed and disposed of a few cases relied

upon by the defendants herein, to wit: *Baldwin v. Mississippi &
M. R. Co.*, 5 Iowa 518; *Richardson & Co. v. Burlington & M. R.
R. Co.*, 8 Iowa 260. We there held that those decisions were
superseded by the later statutes. We have reaffirmed the *Wiar*
case in *Chicago, B. & Q. R. Co. v. Castle*, 155 Iowa 124; *Donis-
thorpe v. Lutz*, 155 Iowa 379; *Corn Belt Tel. Co. v. Superior
Court of Oelwein*, 180 Iowa 985; *Atchison, T. & S. F. R. Co. v.
Mershon*, 181 Iowa 892.

Section 11041 undoubtedly makes the railroad company
suable in Clarke County, but it does not make it a resident of
Clarke County, under this line of holdings. In the case of *Gum-
bert v. Sheehan*, 200 Iowa 1310, this court said:

"The modern trend of all holdings along these lines looks
to the convenience of the parties, saving of expense in procuring
witnesses, and the acquaintance of jurors with the parties. All
matters of this nature require that the litigation should be sub-
mitted as near as possible to the residence of the parties."

We hold that the exception provided in Section 11049 does
not cover the conditions provided for in Section 11041, and we
hold further that, the railroad company not being a resident of
Clarke County, and the plaintiff herein, Nickell, being an actual
resident of Appanoose County, his proper application, within
the proper time, for a change of place of trial should have been
granted, and the place of trial of said cause changed to Appa-
noose County, as prayed. It would make little difference to the
railroad company, being a foreign corporation; for it was un-
doubtedly as convenient for it to try this case in Appanoose
County as in Clarke County.

The writ is sustained, and the ruling of the district court
on the motion for change of place of trial is reversed.—*Writ
sustained.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.