O. C. HINCHCLIFF, Administrator, Petitioner, v. DISTRICT COURT OF CLARKE COUNTY et al., Respondents.

VENUE: Change of Venue—Effect on Resident of State. An order for a change of venue to the county of a defendant's residence in this state *ipso facto* effects a transfer of that part of the action which is against a *nonresident of this state,* the latter not objecting to such transfer.

Headnote 1: 40 Cyc. pp. 128, 176, 181.

*Certiorari to Clarke District Court.*—HOMER A. FULLER, Judge.

OCTOBER 18, 1927.

Original proceeding in certiorari. The opinion sufficiently states the facts. The petitioner appeals.—*Writ annulled.*

*O. M. Slaymaker* and *R. E. Killmar,* for petitioner.

*W. D. Eaton, J. C. Pryor, V. R. McGinnis,* and *L. E. Crist,* for respondents.

DE GRAFF, J.—This is an original proceeding in certiorari. The opinion filed October 19, 1926, in *Nickell v. District Court,* 202 Iowa 408, states the facts antecedent to the instant proceeding, and makes understandable the basis of this proceeding. A procedendo issued from the office of the clerk of the Supreme Court, pursuant to said decision, to the clerk of the district court of Clarke County, Iowa. Thereafter, and prior to the May, 1927, term of said district court, the petitioner herein (plaintiff in the main case) filed a trial notice with the clerk of the district court of Clarke County. The defendants (Chicago, Burlington & Quincy Railroad Company and William Nickell) filed objections to the assignment of said cause for trial in the district court of Clarke County, and prayed for an order for the transfer of the trial of said cause to the district court of Appanoose County, predicating their right on the decision of this court and the procedendo in conformity therewith in *Nickell v. District Court,* supra. The presiding judge, on the submission of the objections, sustained the claim of the defendants, and the main case was taken out of the assignment and ordered transferred for trial to the district court of Appanoose County. It is upon this order that the writ of certiorari in this proceeding is based.

In brief, the petitioner herein contends that the trial court had no authority or jurisdiction to transfer the cause as to the defendant railroad company to Appanoose County, but that the petitioner was entitled to proceed with the trial as to the defendant railroad company in the Clarke County district court, although as to the defendant Nickell in the main action the

cause was triable in Appanoose County, under the ruling in the prior certiorari proceeding.

This contention overlooks the fact that the main action was commenced in the wrong county. It must be and is conceded that the railroad company is a nonresident of Clarke County, and is, in fact, a resident of the state of Illinois, and that the codefendant Nickell is a resident of Appanoose County. This matter was under the consideration of this court at the time of the decision of *Nickell v. District Court*, supra, and it is therein held that:

" * * * the railroad company not being a resident of Clarke County, and the plaintiff herein, Nickell, being an actual resident of Appanoose County, his proper application * * * should have been granted, and the place of trial of said cause changed to Appanoose County, as prayed."

A change of place of trial was granted by reason of the fact that the action was brought in the wrong county, and under such circumstances, the entire case is transferred to the other county for trial and determination. Plaintiff's original action was a personal action, and such an action, under Section 11049, Code of 1924, "except as otherwise provided, must be brought in a county in which some of the defendants actually reside, * * * ." The defendant Nickell is the only party-defendant that had an actual residence in Appanoose County, and the defendant railroad company had no residence in Iowa. The place of suability and actual residence must be differentiated, in construing venue statutes. See *Nickell v. District Court*, supra, with cases cited.

We are not concerned at this time with the question whether or not separate suits could have been commenced against the railroad company and Nickell, or whether or not a suit commenced and tried against them jointly might result in a judgment against one only, or whether a settlement could be made with one without releasing the other.

A case should be, if possible, kept together, and find disposition on one trial. *Sweet v. Wright*, 62 Iowa 215. The general policy of the law and the trend of decisions are to avoid the splitting of a cause of action as to place of trial. *Nickell v. District Court*, supra, with cases cited.

The defendant railroad company is not objecting to trial

in Appanoose County, but, in fact, objects to the trial of said cause in Clarke County. It is urged by petitioner that the defendant railroad company did not demand a change of place of trial in the first instance. There was no ground, within the purview of the record, upon which such a demand could have been made. Some emphasis is placed by petitioner on the fact that the defendant Nickell in the main cause demanded a change of place of trial only as between plaintiff and himself. He could not ask for more.

We adhere to the ruling made in the former certiorari proceeding, and we feel that it is determinative of the question presented in the instant proceeding. Wherefore, the writ is— *Annulled.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.