**H. Lenore SLATTERY, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY, Defendant.**

No. 88–743.

Supreme Court of Iowa.

June 14, 1989.

Tom Riley, Todd Becker, and Sara Riley Brown of Tom Riley Law Firm, P.C., Cedar Rapids, for plaintiff.

Patrick Roby and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for defendant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

We granted certiorari to consider the question whether, given proper venue for trial in more than one county, a court may exercise discretion to say one of the counties is "wrong" for purpose of a change of venue sought under Iowa Rule of Civil Procedure 175(a). Because we agree with plaintiff's contention that rule 175 provides no such discretion, and that the court erroneously ruled to the contrary here, we sustain the writ.

We glean the necessary factual background from the petition filed in the underlying action. Plaintiff Lenore Slattery is a Scott County resident who formerly worked for Brad Deery Motors, an Iowa corporation doing business in Jackson County. When Lenore's employment contract with Deery was involuntarily terminated (prompted, she alleges, by her refusal of her employer's sexual advances), she found a new job in Johnson County. Before she could report to work, however, that job was likewise terminated as a result of allegedly false accusations of misconduct made against her by Deery Motors' owners, John Deery Sr. and Brad Deery.

Lenore sued Deery Motors and John and Brad Deery, individually, for sexual harassment resulting in breach of her employment contract, defamation, intentional infliction of emotional distress, and tortious interference with a contract. The latter three actions were alleged to have occurred in Johnson County, while the former was claimed to have been sustained in Jackson County. Lenore filed her petition in Johnson County. The petition acknowledged that John Deery is a resident of Black Hawk County and Brad Deery is a resident of Jackson County.

Before answering, counsel for the defendants moved "pursuant to I.R.C.P. 175(a)"[1] for a change of venue from Johnson County to Jackson County "for the reason that [the action] was brought in the wrong county." Defendants asserted that Lenore's claims were controlled by Iowa Code section 616.17[2] and could only be brought in the county "in which some of the Defendants actually reside." Lenore countered by asserting that she had pled tort actions (defamation, intentional infliction of emotional distress and intentional interference with contractual relationships) properly triable in Johnson County, the place where those injuries were sustained. *See* Iowa Code § 616.18.[3]

Based on the written and oral arguments of counsel, and the interplay between the various venue provisions of Iowa Code chapter 616 (1987), the trial court determined that "both Jackson and Johnson County are proper venues." That conclusion has not been challenged here and, for

---

1. Rule 175(a) provides, in pertinent part:
   An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's cost....

2. Section 616.17 states:
   Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found.

3. Section 616.18 states:
   Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained.

the purpose of this certiorari action, we will accept it as correct.

■ At issue is the court's second conclusion: that defendants were entitled to prevail on their motion for change of venue because of "the historical preference for suing defendants in the county of their residence and the Court's discretion." Lenore asserts that once the "proper" county for trial is established in accordance with chapter 616, rule 175 furnishes the trial court no discretion to change venue for reasons of "historical preference" or otherwise. We agree.

The district court's claimed right of discretion apparently stems from its misplaced reliance on our decision in *Locksley v. Anesthesiologists of Cedar Rapids*, 333 N.W.2d 451 (Iowa 1983). The case involved Iowa Rule of Civil Procedure 167, not rule 175. At issue was a request for change of venue premised, in part, on alleged unfair media publicity, one of the grounds justifying change in the place of trial under rule 167(c). *Id.* at 454. Applying a fair trial analysis most often seen in criminal prosecutions, we noted that a decision under rule 167(c) "rests in the sound discretion of the trial court." We found no abuse of that discretion where the claim of prejudice was not raised until four years after the plaintiff's suit was filed. *Locksley*, 333 N.W.2d at 454.

By its terms, rule 175 does not implicate the kind of discretionary balancing of interests inherent in the application of rule 167. Rule 175 speaks of the "wrong" county and the "proper" county. Those legal determinations are governed largely by Iowa Code chapter 616. *See generally* 1 A. Vestal & P. Willson, *Iowa Practice* § 9:02–44 (1983) (cataloguing the various "special venue provisions which may apply to a particular action"). While we have, on occasion, resolved debates concerning which venue provision properly applies to a given cause of action, *see e.g. Johnson v. Nelson*, 275 N.W.2d 427, 430 (Iowa 1979) (holding that action for legal malpractice constitutes damage to property under section 616.18 rather than "personal action" under section 616.17), we need not concern ourselves with

such statutory interpretation here in view of the trial court's unchallenged determination that venue would be proper in either Johnson County or Jackson County.

Given that unique determination, the district court assumed the right to make the choice of forum. In support of the court's authority to do so under rule 175, the defendants urge a broad interpretation of the statutory terms "wrong" and "proper." In essence, they argue an interpretation that would embrace challenges based on the inconvenience of the forum to the litigants. Neither a common law nor statutory claim of forum non conveniens was raised below, however. More importantly, we are convinced that insofar as rule 175 is concerned, such an interpretation would be contrary to the rule generally applied in Iowa and elsewhere.

■ We find the general rule to be that "where an action is maintainable in any one of two or more counties and is properly brought in one of such counties, it is not removable to the other unless there exists some statutory ground for removal other than the bringing of suit in the wrong county." 77 Am.Jur.2d *Venue* § 63 (1975) (citing *Jenkins v. Hawkeye Commercial Men's Ass'n*, 147 Iowa 113, 124 N.W. 199 (1910)). In *Jenkins*, this court affirmed a plaintiff's statutory right, under the predecessor to Iowa Code section 616.10, to bring suit in the county of loss, rather than county of the defendant's home office. *Id.* at 115, 124 N.W. at 199. In upholding the trial court's deference to the plaintiff's choice of forum, we affirmed similar decisions of this court dating back to 1890. *See Prader v. The National Masonic Accident Ass'n*, 95 Iowa 149, 153–54, 63 N.W. 601, 602 (1895); *Matt v. Iowa Mut. Aid Ass'n*, 81 Iowa 135, 137, 46 N.W. 857, 858 (1890). In reported decisions of other states, the same rule has been applied. *See Ellsworth v. Layton*, 97 Ariz. 115, 119, 397 P.2d 450, 453 (1964); *Carlson v. Rensink*, 65 Colo. 11, 12–13, 173 P. 542, 543 (1918); *Kilpatrick v. Boynton*, 374 So.2d 557, 559 (Fla.App.1979).

The clear import of this line of authority is that a statute granting the right to order

a change of venue when a case is brought in the *wrong* county furnishes no relief to a litigant seeking a change of venue from what is otherwise a *proper* forum. By its terms, rule 175 is just such a statute. Because the court determined, under the criteria established in chapter 616, that venue was proper in the county in which the petition was filed, it had no discretion, at least under rule 175, to change the place of trial at the defendants' request. The trial court erred as a matter of law in thinking it could do so. We are thus compelled to sustain the writ of certiorari and direct that the underlying case proceed in a manner not inconsistent with this opinion.

WRIT SUSTAINED.

All Justices concur except HARRIS, J., who concurs in the result.