Susan NILES f/k/a Susan
Meeker, Appellant,

v.

IOWA DISTRICT COURT FOR
POLK COUNTY, Appellee.

No. 03–0763.

Supreme Court of Iowa.

June 16, 2004.

Mark J. Seidl of Seidl & Chicchelly,
P.L.C., Cedar Rapids, for appellant.

Eric G. Borseth of Borseth, Siebrecht & Siebrecht Law Office, Altoona, for appellee.

CARTER, Justice.

Susan Niles, who is the respondent to a petition for modification of a dissolution-of-marriage decree filed by her ex-husband, Randy Meeker, sought a change of venue from Polk County to Linn County. The district court denied her request. On review via certiorari, the court of appeals sustained the writ and ordered venue transferred to Linn County. After reviewing the record and considering the arguments presented, we vacate the decision of the court of appeals and annul the writ.

The marriage of Susan and Randy was dissolved by a decree of the Iowa District Court for Polk County in September 1992. The parties were awarded joint custody of their son, Kevin, and Susan was granted primary physical care.

In January 2003 Randy filed a petition in Polk County seeking modification of the provisions for physical care of Kevin that were ordered in the 1992 decree. At this time, Randy resided in Boone County, and Susan and Kevin resided in Linn County.

Susan filed a motion for change of venue, alleging that Randy had filed the proceeding in the wrong county. She sought to have the case transferred to Linn County. The district court denied her request.

On review of the district court's order via certiorari, the court of appeals determined that the venue provision contained in Iowa Code section 598.2 (2001) required

that the modification proceeding be brought in a county where one of the parties resided.[1] Randy argues that recognizing the county where the decree was entered as a proper venue is consistent with our prior case law. *See In re Adoption of Ellis*, 260 Iowa 508, 513, 149 N.W.2d 804, 808 (1967) (county where decree filed has exclusive jurisdiction to modify decree).

■ Randy contends that Iowa Code section 598.25 enacted in 1970 only changed the prior law to the extent that it recognizes other venues as alternatives to filing the proceeding in the county where the decree was entered. Section 598.25 provides, in part:

> Whenever a proceeding is initiated in a court for ... modification of a judgment of ... custody granted in an action for dissolution of marriage, the following requirements must be met if such proceedings are initiated in the court other than the court which granted the dissolution decree.

Iowa Code § 598.25.[2] Prior to the enactment of section 598.25, our case law mandated that the court granting a dissolution of marriage and awarding child custody had continuing and exclusive jurisdiction to modify the decree. *Ellis*, 260 Iowa at 513, 149 N.W.2d at 808. At the time *Ellis* was decided, the statutes governing marriage-dissolution actions did not distinguish between jurisdiction and venue. In fact, venue was not mentioned as such and was subsumed in the concept of jurisdiction that the statutes then envisioned. *See In*

---

1. Iowa Code section 598.2 provides:
   The district court has original jurisdiction of the subject matter of this chapter. Venue shall be in the county where either party resides.

2. The requirements that must be met include informing the court of the names and ad-

dresses of the parties to the dissolution decree, the identity of the court granting the decree, and the date of the decree. The court must then notify the parties to the original proceeding that modification of the decree has been sought.

*re Marriage of Engler,* 532 N.W.2d 747, 748 (Iowa 1995). Because modification of a custody decree was required to be heard in the county where the decree was issued, venue in that county was proper as a matter of necessity.

■ Section 598.25 and the county of residence venue provisions contained in section 598.2 were contained in the same chapter of a 1970 revision to the Iowa Code.1970 Iowa Acts ch. 1266, §§ 3, 26. It is axiomatic that courts are obliged to consider a challenged statute in its entirety and in *pari materia* with other pertinent statutes. *State v. Hawk,* 616 N.W.2d 527, 529 (Iowa 2000); *State v. Byers,* 456 N.W.2d 917, 919 (Iowa 1990). This rule applies with peculiar force to statutes passed at the same session of the legislature. *Iowa Farm Serum Co. v. Bd. of Pharmacy Exam'rs,* 240 Iowa 734, 740, 35 N.W.2d 848, 851 (1959); *Iowa Motor Vehicle Ass'n v. Bd. of R.R. Comm'rs,* 207 Iowa 461, 465, 221 N.W. 364, 366 (1928).

■ Randy argues that, because section 598.25 sets forth conditions that must be met if a modification is to be heard in a court "other than" that which granted the dissolution decree, it implicitly recognizes that filing the proceeding in the county where the decree was granted is still an available option. We agree. In interpreting a statute, we may consider the previous state of the law, circumstances surrounding the statute's enactment, and the text both before and after the amendment. *City of Waukee v. City Dev. Bd.,* 514 N.W.2d 83, 87 (Iowa 1994); *City of Des Moines v. PERB,* 275 N.W.2d 753, 760 (Iowa 1979). If the general venue provisions of section 598.2 were intended to prevent a modification by the same court that entered the decree, we are satisfied that such a substantial change in the law would have been expressly recognized in section 598.25, which is a special statute dealing with modification actions. The apparent meaning of the latter statute, which is specific in nature, should control over the general venue provision contained in section 598.2. *See Burton v. Univ. of Iowa Hosps. & Clinics,* 566 N.W.2d 182, 189 (Iowa 1997) (in statutory interpretation the specific governs the general); *Christenson v. Iowa Dist. Ct.,* 557 N.W.2d 259, 262–63 (Iowa 1996) (same).

■ We are convinced that in simultaneously enacting section 598.2 and section 598.25 the legislature did not intend to foreclose the filing of a petition for modification in the county where the decree was entered, irrespective of the present residences of the parties. The continuing authority of the court in that county to modify its own decree carries with it a continuation of the venue previously recognized.

■ Because Susan's motion for change of venue was based on the contention that the action had been brought in the wrong county, it was properly denied. A statute granting the right to order a change of venue when a case is brought in the wrong county furnishes no relief to a litigant seeking a change of venue from what is otherwise a proper venue. *Engler,* 532 N.W.2d at 749; *Slattery v. Iowa Dist. Ct.,* 442 N.W.2d 82, 85 (Iowa 1989).

The decision of the court of appeals is vacated; the writ is annulled.

**DECISION OF COURT OF APPEALS VACATED; WRIT ANNULLED.**