Lorraine RICHARDS and Ward Richards, Appellants,

v.

ANDERSON ERICKSON DAIRY CO., Gary Link, Kellie Barney and Mary Barney, Appellees.

Anderson Erickson Dairy Co. and Gary Link, Appellees,

v.

Estate of Sarah Dahlke, Connie Dahlke, Rodney Naber, Charles Funke, Henry Brunsman, Lavern Willenborg, Brian Buhrow and Janet Buhrow, Appellees.

No. 04–0644.

Supreme Court of Iowa.

July 8, 2005.

Rehearing Denied July 28, 2005.

David P. McManus of Glasson, Sole, McManus & Pearson, P.C., Cedar Rapids, for appellants.

Richard S. Fry and Heather L. Fleming of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees Anderson Erickson and Link.

Scott E. McLeod and Todd Slagter of Lynch Dallas, P.C., Cedar Rapids, for appellees Dahlke.

Natalie Burris of Swisher & Cohrt, P.L.C., Waterloo, for appellees Naber and Funke.

Matthew Petrzelka of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellees Barney.

James P. Craig of Moyer & Bergman, P.L.C., Cedar Rapids, for appellees Brunsman and Willenborg.

STREIT, Justice.

Iowa City must be a special place. The plaintiffs in this personal-injury action filed suit in Johnson County, notwithstanding the fact that it hardly had any connection to the case. The district court granted the defendants' motion for a change of venue. The plaintiffs lost their trial and now appeal the venue change. Because we agree venue was not proper in Johnson County, we affirm.

## I. Facts and Prior Proceedings

This appeal stems from a chain-reaction collision on a highway in Grundy County in

early 2001. The accident involved a semi-truck owned by the Anderson Erickson Dairy Company ("AE"). Lorraine and Ward Richards suffered injuries in the accident and sued AE for negligence. They also sued Gary Link, the AE employee driving the semi-truck, and Kellie and Mary Barney, the operator and the owner of another car involved in the accident.

The Richards filed their lawsuit in Johnson County, even though none of the parties resided there. The Richards are residents of Grundy County; Link is a resident of Story County; the Barneys are residents of Polk County; and AE is an Iowa corporation whose principal place of business is in Polk County. Although the motivation for filing in Johnson County remains unknown,[1] the Richards claimed venue was proper there because AE regularly drove its trucks through Johnson County.

Before filing an answer, AE and Link moved for a change of venue.[2] *See* Iowa R. Civ. P. 1.808(1). They sought to have the trial moved to Grundy County, where the accident occurred. The district court granted the motion.

At trial, the jury found in favor of the defendants. The Richards filed a motion for a new trial. They argued the district court should not have transferred the case to Grundy County. The district court denied the motion, and the Richards appealed.[3]

## II. Principles of Review

■ "The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001). That is,

> [t]o the extent the motion is based on a discretionary ground, we review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error.

*Roling v. Daily*, 596 N.W.2d 72, 76 (Iowa 1999). The parties disagree about what standard of review should be applied. The disagreement stems from the fact that some motions for a change of venue require the district court to exercise its discretion, whereas others do not.

■ For example, Iowa Rule of Civil Procedure 1.801(3) *permits* the district court to change the venue of a trial if the inhabitants of the county are prejudiced against the moving party. In a number of appeals concerning this and similar rules, we have reviewed for an abuse of discretion. *See, e.g., Peters ex rel. Peters v. Vander Kooi*, 494 N.W.2d 708, 711 (Iowa 1993) (reviewing district court's application of what is now rule 1.801); *see also State v.*

---

1. In their reply brief, however, the Richards state "Of course this court is fully aware of the strategy reasons that are back [sic] of this litigation."

2. The same law firm represents AE and Link. Although in the motion for a change of venue the firm only referenced AE, on appeal the parties appear to agree that both AE and Link sought the change of venue to Grundy County. We assume the same. The Barneys did not join in this motion until after filing their answer. *But see* Iowa R. Civ. P. 1.808(1) (requiring defendants to object to venue before filing answer).

3. After the case was transferred to Grundy County, AE and Link cross-petitioned against a number of third-party defendants. These defendants resisted the plaintiffs' motion for a new trial and are also parties to this appeal. *But see Cooley v. Ensign–Bickford Co.*, 209 N.W.2d 100, 101–02 (Iowa 1973) (third-party defendant ordinarily has no right to a change of venue to county of residence); *Mahaska County State Bank v. Crist*, 87 Iowa 415, 422–24, 54 N.W. 450, 452–53 (1893) (similar). We omit all further reference to them.

*Evans,* 671 N.W.2d 720, 726 (Iowa 2003) (reviewing application of Iowa Rule of Criminal Procedure 2.11 to a claim of excessive pretrial publicity). In the case at bar, however, we are asked to assess the district court's grant of a motion for change of venue pursuant to Iowa Rule of Civil Procedure 1.808. Unlike rule 1.801, rule 1.808 *requires* the district court to move the case to another county if it was brought in the wrong county. *See* Iowa R. Civ. P. 1.808(1) (stating that the district court "shall" move the trial to a "proper" county). To determine whether or not the plaintiff filed suit in an improper place, the court only makes a legal determination based upon the venue provisions of Iowa Code chapter 616. *Slattery v. Iowa Dist. Ct.,* 442 N.W.2d 82, 84–85 (Iowa 1989). Rule 1.808 does not implicate the discretionary judgment of the district court. *Id.* Therefore our review in this case is for errors at law, not an abuse of discretion.

### III. The Merits

The primary issue is whether venue was proper in Johnson County. If venue was proper there, we assume the district court lacked authority to transfer the case elsewhere; when venue is proper in multiple counties, the plaintiff may choose where to file and the district court lacks the discretion to transfer the case pursuant to rule 1.808. *See id.*[4] If venue was not proper in Johnson County, we must decide whether it was proper in Grundy County. *Id.*

To answer the foregoing questions, we must apply the various provisions of Iowa Code chapter 616. *Id.* We first analyze Iowa Code section 616.17, our general venue statute. We then consider two specific venue provisions, which the parties variously claim have applicability in this case.

### A. Iowa Code § 616.17

 In Iowa, there is a long-standing preference for trying cases in the county of a defendant's residence. *Tull v. Honda Research & Dev., Ltd.,* 469 N.W.2d 683, 686 (Iowa 1991) (tracing preference back to 1851). Today this preference is found in Iowa Code section 616.17, our general venue statute. *See id.* That statute provides:

> Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found.

Iowa Code § 616.17 (2001). Although renumbered several times over the years, the substance of the statute has remained unchanged for over a century. *Compare* Iowa Code § 2586 (1873), *with* Iowa Code § 616.17 (2001). Clearly, the present personal-injury lawsuit is a "personal action" for purposes of the statute. *See, e.g., Tull,* 469 N.W.2d at 686 (holding a negligence action arising out of an all-terrain vehicle accident was a "personal action"); *Baker v. Ryan,* 67 Iowa 708, 710, 25 N.W. 890, 890 (1885) (holding petition alleging negligence was a "personal action"). Here venue was proper in both Story and Polk counties because at least one defendant resided in each locale. Iowa Code § 616.17.

Having applied the general venue statute to the facts of this case, we now turn to examine two specific venue provisions the parties have brought to our attention, Iowa Code sections 616.18 and 616.8. We must determine whether they fit within the "except as otherwise provided" proviso in the general venue statute and also make venue

---

4. As in *Slattery,* the defendants in this case did not ask the court to move the trial for non-statutory reasons. 442 N.W.2d at 84.

proper in other counties. *Id.*; *see, e.g.,* *Tull,* 469 N.W.2d at 686.

## B. Iowa Code § 616.18

■ In 1941, the legislature enacted a law permitting plaintiffs in motor vehicle accidents to sue in the county in which the injury was sustained. 1941 Iowa Acts ch. 298, § 1 (codified at Iowa Code § 616.18 (1946)). In 1972, the legislature broadened this special venue provision to plaintiffs in all personal-injury lawsuits. 1972 Iowa Acts ch. 1127, § 1 (codified at Iowa Code § 616.18 (1973)). We subsequently held Iowa Code section 616.18 falls within the "except as otherwise provided" proviso of Iowa Code section 616.17. *Tull,* 469 N.W.2d at 686. For this reason, the defendants are correct when they assert that venue in this case was not only proper in Polk and Story counties, the residences of various defendants, but also proper in Grundy County, the scene of the collision. Iowa Code § 616.18 (Iowa 2001); *see also Becker v. Wright,* 540 N.W.2d 250, 253 (Iowa 1995) (holding venue proper under Iowa Code section 616.17 where alleged injury was "triggered").

## C. Iowa Code § 616.8

■ To show venue was proper in Johnson County, the plaintiffs cite another special venue statute, Iowa Code section 616.8. Like our general venue statute, section 616.8, known as our common carrier statute, has also remained virtually unchanged for over a century. *Compare* Iowa Code § 2582 (1873), *with* Iowa Code § 616.8 (2001). It provides:

> An action may be brought against any railway corporation, the owner of stages, or other line of coaches or cars, express, canal, steamboat and other river crafts, telegraph and telephone companies ... in any county through which such road or line passes or is operated.

Iowa Code § 616.8. Although not expressly mentioned, we have held that semi-trucks carrying freight on a fixed schedule over a regular route with fixed termini constitute a "line of ... cars" for purposes of the statute. *Bruce Transfer Co. v. Johnston,* 227 Iowa 50, 52–55, 287 N.W. 278, 278–81 (1939) (holding the fact legislature could not have foreseen rise of semi-trucks when it enacted common carrier statute in the nineteenth century did not foreclose an interpretation that would effectuate its intent).

The Richards contend section 616.8, like section 616.18, falls within the "except as otherwise provided" language of section 616.17 and thereby authorized venue in Johnson County. Prior precedent holds otherwise. We were presented with similar facts and identical statutes in 1926 and held our common carrier statute did *not* fall within the exception to the general venue statute. For this reason, today we hold venue was not proper in Johnson County and affirm the district court.

### *Nickell I*

In *Nickell v. District Court* ("*Nickell I*"), the plaintiff was killed when his automobile collided with a train in Wayne County. 202 Iowa 408, 409, 210 N.W. 563, 563 (1926). His estate sued the railroad and its engineer in Clarke County. *Id.* The railroad was an Illinois corporation with its principal place of business in Illinois. *Id.* The engineer was a resident of Appanoose County. *Id.* The railroad had routes in Wayne, Clarke, and Appanoose Counties. *Id.*

The engineer filed a motion to change venue to Appanoose County. *Id.* The plaintiff resisted the motion. *Id.* The plaintiff claimed Iowa's common carrier statute fit within the "except otherwise provided" language of the general venue statute and therefore permitted him to sue both the railroad and the engineer any-

where the railroad had tracks in the state. *Id.* at 410, 210 N.W. at 563. It is important to note that notwithstanding the passage of time, the general venue and common carrier statutes in *Nickell I,* although renumbered, are *identical* to those in the case at bar. *Compare* Iowa Code §§ 11041, 11049 (1924), *with* Iowa Code §§ 616.8, .17 (2001).

The district court denied the engineer's motion, but on appeal we reversed. We held "the exception provided for in [the general venue statute] does not cover the conditions provided for in [the common carrier statute]." *Nickell I,* 202 Iowa at 411, 210 N.W. at 564. We further held that because the railroad was not a resident of Clarke County, the district court properly granted the engineer's motion for a change of venue to the county of his residence. *Id.*

Our holding in *Nickell I* was premised upon a distinction between suability and residence. *Id.* at 410–11, 210 N.W. at 563–64. Even though the common carrier statute rendered the railroad *suable* anywhere it had tracks, that did not make it a *resident* of all those counties for purposes of a codefendant Iowa resident's motion for a change of venue predicated upon the general venue statute. *Id.* That is, the mere fact the common carrier is suable in any county where its tracks run does not trump the right of other Iowa residents-defendants to have the trial held in a county where at least one of them resides. *See id.* In harmonizing the two statutes in this way, we emphasized that venue statutes are statutes of convenience and must be construed to effectuate the same. *See id.* at 411, 210 N.W. at 564 (noting "it was undoubtedly as convenient" for the railroad to have the case tried in Appanoose County as in Clarke County).

### Nickell II

We further explained and reaffirmed our holding in *Nickell I* the next year in *Hinchcliff v. Dist. Ct.,* 204 Iowa 470, 215 N.W. 605 (1927) ("*Nickell II*"), a subsequent appeal taken from the same case.[5] *See Recent Cases,* 13 Iowa L. Rev. 217, 230–31 (1928) (digesting *Nickell I* and *II*). After we decided *Nickell I,* on remand the district court ordered the entire case transferred to Appanoose County. *Nickell II,* 204 Iowa at 471, 215 N.W. at 605. The plaintiff objected. *Id.* Although the plaintiff admitted transfer of the case was proper as to the engineer, he resisted transfer of the railroad company. *Id.*

In *Nickell II,* we reaffirmed our holding in *Nickell I* and again ordered the entire case transferred to Appanoose County. *Id.* at 472–73, 215 N.W. at 605–06. In doing so, we further explained our reasoning in *Nickell I.* We reiterated transfer of the case *as to the engineer* was proper because of the distinction between suability and residence, i.e., the common carrier statute did not make the railroad a "resident" of Clarke County to satisfy the engineer's right under the general venue statute to have the case tried where at least one Iowan-defendant resided. *See id.* The engineer was therefore entitled to have the case transferred to Appanoose County. As for the railroad company, we held that once it was determined the engineer was entitled to a transfer to Appanoose County, the entire case should be moved there for the sake of convenience. *See id.* (citing the principle that "[a] case should be, if possible, kept together, and find disposition on one trial" and noting it was equally convenient for the railroad to try the case in either venue).

When reading *Nickell I* and *II* together, it becomes manifest that it was the *engi-*

5. The parties here do not discuss *Nickell II.*

*neer's* interest to be sued in his county of residence that controlled the analysis in *Nickell I*. Put simply, *Nickell I* held that Iowa Code section 616.8 does not fall within the "except as otherwise provided" proviso of section 616.18 when the plaintiff also sues other Iowa residents. *See also Halse v. La Crescent Grain Co.*, 231 Iowa 231, 235, 1 N.W.2d 202, 204 (1941) (adhering to *Nickell I* and *II* on analogous facts).

In light of *Nickell I* and *II*, it is clear in the case at bar that venue was not proper in Johnson County. AE was suable in Johnson County but not a resident thereof. Link was entitled to have the case moved to a proper venue. Iowa R. Civ. P. 1.808. As indicated, venue was proper in either Polk or Story counties, the counties wherein at least one defendant was resident, as well as Grundy County because the injury was allegedly sustained there. Iowa Code §§ 616.17, .18; *see also Tull*, 469 N.W.2d at 686. Therefore the district court did not err when it moved the entire case to Grundy County. Iowa Code § 616.18; *see Halse*, 231 Iowa at 235, 1 N.W.2d at 204; *Nickell II*, 204 Iowa at 472–73, 215 N.W. at 605–06; *Nickell I*, 202 Iowa at 411, 210 N.W. at 564.[6]

### Reaffirming Statutes of Convenience

■ To overrule *Nickell I and II* after nearly eight decades would frustrate legislative intent in two respects. First, the legislature's silence over the years is evidence of its tacit approval of our construction of the statutory framework. *State v. Anderson*, 517 N.W.2d 208, 214 (Iowa 1994); *accord* Ronald Dworkin, *Law's Empire* 318–19 (1986) ("A statute owes its existence not only to the decision people made to enact it but also to the decision of other people later not to amend or repeal it."). Second, it must be remembered that venue statutes are statutes of convenience, and to hold otherwise would promote inconvenience. *See Nickell I*, 202 Iowa at 411, 210 N.W. at 564. On this latter point, some further explanation of the common carrier statute is necessary.

As enacted, the common carrier statute both expanded and restricted venue for suits brought against common carriers. In each instance, however, the statute promoted convenience.

The common carrier statute expanded the venue options for plaintiffs suing a resident common carrier by itself. At the time, of course, there was not a special venue statute such as Iowa Code section 616.18 permitting plaintiffs to bring suit in the county where the injury occurred. Instead of forcing the plaintiff to sue the resident common carrier at its principal place of business, the plaintiff could sue it wherever its lines ran. *See Bruce Transfer*, 227 Iowa at 52, 287 N.W. at 280 ("The statute was apparently based upon the thought that the public interest and convenience would be promoted by permitting suits against common carriers in any county on their lines."). This was undoubtedly utilized by plaintiffs to file suit where the injury occurred, which, in turn, was likely

---

6. As in *Nickell II*, we expressly do not decide whether venue would have been proper in Johnson County had the plaintiffs only sued AE or had settled with Link. *See Nickell II*, 204 Iowa at 472, 215 N.W. at 606. There is some support for the view that it would be proper. *See Bruce Transfer*, 227 Iowa at 52–55, 287 N.W. at 278–81 (although not asked to decide its relationship with the general venue statute, holding under the common carrier statute that a common carrier—the sole defendant in the case—was not permitted a change of venue to its principal place of business); *see also The Distinction Between Suability and Residence in Venue Statutes*, 13 Iowa L.Rev. 212, 216 (1928) (opining that "[i]t is granted that if the railroad company had been sued alone, the venue would have been properly laid" in *Nickell I*).

to be where evidence, the witnesses, and possibly even the plaintiff resided.

The common carrier statute restricted venue for plaintiffs suing a nonresident common carrier by itself. In its absence, the general venue statute permitted plaintiffs to sue the common carrier anywhere it could "be found." Iowa Code § 11041 (1924) (now codified at Iowa Code § 616.18). Again, the common carrier statute promoted convenience because the common carrier

> can more easily procure its witnesses, and carry on the process of the trial [when sued where its lines run] than if it were forced to defend in some remote corner of the state where one of its officers may be served, but where it does not carry on its business of transportation.

*The Distinction Between Suability and Residence in Venue Statutes,* 13 Iowa L. Rev. 212, 214 (1928); *see, e.g., Atchison, Topeka & Santa Fe Ry. v. Mershon,* 181 Iowa 892, 894, 165 N.W. 86, 87 (1917) (sanctioning change of venue pursuant to common carrier statute from a county in which one of the railroad's agents was served to a county in which it ran its lines).

The Richards would have us overrule our precedents and reinterpret chapter 616 to permit a plaintiff to sue any Iowa resident who happens to have a common carrier as a codefendant in the remotest parts of the state, even though the chosen venue had no connection with the case. This interpretation would clearly promote forum shopping and inconvenience, and thereby frustrate legislative intent. It would also foster injustice because it would encourage plaintiffs to sue defendants in inconvenient venues as leverage in the settlement process. We will not sanction an interpretation of chapter 616 that would permit a plaintiff to transform statutes of convenience into statutes of inconvenience.

■ We are obligated to consider the common carrier statute *in pari materia* with other pertinent statutes. *Niles v. Iowa Dist. Ct.,* 683 N.W.2d 539, 541 (Iowa 2004). That is precisely what we did in *Nickell I* and *Nickell II,* when we held the common carrier statute does not fall within the exception to the general venue statute, at least with respect to a non-common carrier defendant. We adhere to those holdings today.

## IV. Conclusion

Venue was proper in Polk, Story, and Grundy counties. The plaintiffs filed suit in Johnson County, which was not a proper venue. The district court rightly transferred the entire case to Grundy County.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.