# IN THE COURT OF APPEALS OF IOWA

No. 19-1319
Filed August 5, 2020

**JAMIE GUSTAFSON and CHANDRA GUSTAFSON,**
Plaintiffs-Appellants,

**vs.**

**DAVID ZEPHIER and AMCO INSURANCE COMPANY,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

Plaintiffs in a personal injury case appeal from a district court order granting a defendant's motion to transfer venue from Polk County to Harrison County. **REVERSED AND REMANDED.**

Michael T. Norris and Thomas P. Slater of Slater & Norris, P.L.C., West Des Moines, for appellants.

Kelly W. Otto, West Des Moines, for appellees.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

In the afternoon of April 15, 2019, a motor vehicle accident occurred in Harrison County between Jamie Gustafson, the driver of a motorcycle, and David Zephier, the pickup truck driver.

Plaintiffs Jamie and Chandra Gustafson filed a personal-injury suit in Polk County, naming their insurance provider, Amco Insurance Co. (Amco), and Zephier as defendants. They alleged Zephier's negligence caused personal injury and loss of consortium, and they sought protection from their Amco insurance policy in the event Zephier was underinsured.

On July 25, Zephier filed a motion to transfer venue to Harrison County, noting that the collision occurred in Harrison County and both motorists were residents of Harrison County at the time of the collision. Amco did not resist the motion, but the Gustafsons did resist. They argued that because Amco was a defendant that kept its principal place of business in Des Moines, venue was proper pursuant to Iowa Code section 616.18 (2019).

On August 5, the district court found that venue was proper in Harrison County and ordered the transfer of the case to Harrison County. The Gustafsons applied for interlocutory appeal of the court's order on August 8, which was granted, as amended, on August 26. The Supreme Court transferred the case to us, and we now reverse.

"To determine whether or not the plaintiff filed suit in an improper county, the court only makes a legal determination based upon the venue provisions of Iowa Code chapter 616." *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 679 (Iowa 2005). The relevant language here lies in Iowa Code section

616.18, which provides, "Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained."

"[W]hen venue is proper in multiple counties, the plaintiff may choose where to file and the district court lacks the discretion to transfer the case pursuant to [Iowa Rule of Civil Procedure] 1.808." *Richards*, 699 N.W.2d at 679. Here, venue was proper in both Polk County and Harrison County, as those counties were residences of the defendants. Amco was a resident of Polk County, and Zephier was a resident of Harrison County.

In its answer, Amco admitted to being a corporation with its principal place of business located in Polk County. A corporation's principal place of business is its residence. *Iowa Public Serv. Co. v. Iowa State Commerce Comm'n*, 263 N.W.2d 766, 769–70 (1978); *Cannon v. Century Constr. Co.*, 106 N.W.2d 65, 66 (Iowa 1960) (citing *State ex rel. Nw. Land & Colonization Co. v. District Ct.*, 182 N.W. 211, 213 (Iowa 1921)); *see also Kroblin Refrigerated Express, Inc. v. Iowa Ins. Guar. Ass'n*, 461 N.W.2d 175, 177 (Iowa 1990) (discussing *Iowa Public Serv. Co.*, 263 N.W.2d at 769). Zephier filed an affidavit stating that he was a resident of Logan[1] at the time of the motor vehicle accident. Pursuant to section 616.18, the Gustafsons could choose between the two counties in determining where to file suit. The district court lacked the discretion to transfer the case to Harrison

---

[1] Logan, Iowa is located in Harrison County.

County after the plaintiffs chose to bring suit in Polk County. *See Richards*, 699 N.W.2d at 679.

On appeal, Zephier's objections to this conclusion are threefold. First, he contends as a matter of policy that the residence of a defendant's automobile insurer should not be a basis for venue in a case involving a motor vehicle collision. Second, he argues that because either he or Amco could seek to sever Amco from the case, Amco's residence should not provide a basis for venue. Third, he argues that venue was more convenient in Harrison County. We note that these arguments were not presented to the district court in Zephier's motion to change venue, which only argued section 616.18 did not provide for venue based on a defendant's "principle place of business" and that venue was only proper in Harrison County. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002); *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

Zephier argues that *Richards* supports his position, but we disagree. In *Richards*, suit was brought in Johnson County, which was related to the chain-reaction collision at issue only in that the corporate owner of a semi-truck involved in the accident "regularly drove its trucks through Johnson County." 699 N.W.2d at 678. However, the corporation had its "principal place of business . . . in Polk County." *Id.* Thus, unlike the instant case, venue was improper in *Richards* because the plaintiffs brought suit in a county in which no defendant was a resident. *See id.* at 680.

The plain language of section 616.18 allows the Gustafsons to bring suit in the county in which one of the defendants, Amco, is a resident. Because Amco was a defendant with its principal place of business in Polk County, venue was proper in Polk County. We do not reach Zephier's arguments concerning policy, severance, or convenience, as they were not presented to the district court. Based on the record before us, the district court lacked discretion to transfer the case to Harrison County. We therefore reverse the trial court's order transferring venue to Harrison County and remand for further proceedings.

**REVERSED AND REMANDED.**