STATE of Iowa, Appellee,

v.

Gloria Jean JONES, Appellant.

No. 89–998.

Supreme Court of Iowa.

June 19, 1991.

Linda Del Gallo, State Appellate Defender and B. John Burns, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., James M. Metcalf, County Atty., and Thomas Ferguson and Daniel Shuck, Asst. County Attys., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

A jury found defendant Gloria Jean Jones guilty of second-degree murder for the stabbing death of her live-in boyfriend. We find merit in her challenge to trial court rulings which admitted evidence of her past violent criminal actions. We reverse and remand for a new trial. So doing we vacate the action of the court of appeals which affirmed the trial court judgment by operation of law on a three-to-three vote.

Because the assignment addresses a narrow evidentiary issue it is unnecessary to extensively detail the facts. According to the State's evidence defendant stabbed the victim to death when he became involved with another woman and informed defendant he was moving.

Testimony of defendant's prior bad acts was admitted on separate occasions. The first instance was during the testimony of Dr. Vernon Paul Varner, a psychiatrist. A second instance occurred during the testimony of Mitchell Berry. Both were witnesses for the defendant.

Iowa rule of evidence 404 requires that evidence of bad character or other bad acts can be admitted only in carefully circumscribed situations. The rule provides in pertinent part:

*a. Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

. . . .

*b. Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

As a defense witness, Dr. Varner stated his opinion that defendant suffers from a temporal lobe seizure disorder. There was no insanity defense; the testimony was admitted to negate premeditation (defendant was convicted of second-degree, but had been charged with first-degree, murder). On cross-examination concerning his inter-

view with defendant, Varner stated, "I believe Mrs. Jones is a believable lady."

On the basis of this answer the State made a record out of the presence of the jury and persuaded the trial court that defendant's prior bad acts had become a proper subject for questioning. The following occurred:

MR. FERGUSON (the prosecutor): Two other things. We might as well take them up now. First of all, Mr. Varner has given his opinion that Miss Jones is truthful. There are several things in there what he told me are not truthful. And I think that those are matters to go into on cross-examination as to his opinion if he says that she is truthful and based on his opinion what she told him and that are told him is not truthful. Those are matters that are relevant.

THE COURT: I think that is open.

MR. FERGUSON: Those involve other matters. Those involve other assaults based on previous assaultive behavior, previous other information that she gave to him he bases it on. I don't want to retry the thing. The person can't give an opinion without subject to being cross-examined. Does he know she has been convicted of forgery? Which is truth and veracity. Is he aware where she attempted to assault someone because they were going to turn her in for fraud? Does he know all of these things? He goes into believing her detail about the stabbing of Mary Currington of these things, of these things.

THE COURT: That he is a witness tendered for defendant. I think he is open to a fair range of cross-examination. I think that's a fair range of cross-examination.

Accordingly, over defendant's strenuous objection, the State questioned Varner about his knowledge of a confrontation between defendant and Mary Currington after which defendant was charged with attempted murder, but pled guilty of going armed with intent.

Encouraged by the incident, the State employed the same technique while cross-examining Mitchell Berry, another defense witness. The prosecutor asked Berry: "You're not trying to tell this jury that Miss Jones is not a violent person are you?" After Berry answered in the affirmative the State then asked Berry, over defendant's objections, if he was aware of a 1978 incident "where [defendant] went after a person with her purse with a ham and beans in the purse and struck him," a 1979 incident "in which she took a butcher knife and went after Clyde Roby because he didn't buy a bike for her daughter," a "fight with Brenda Alexander in 1984 in which she accused defendant with fraud and was going to turn her in, and defendant took a chain at her and broke the glass table and also assaulted her in the face," and the incident "on April 1986 in which she stabbed Mary Cunningham in the back with a butcher knife and punctured her lung." These matters were revisited during the cross-examination of defendant.

Unless the evidence was appropriate for some other purpose it was inadmissible under rule 404, even without applying the balancing test under rule of evidence 403.[1] *State v. Roth*, 403 N.W.2d 762, 765–66 (Iowa 1987). Under the rule we cannot find it was admissible for any appropriate purpose.

■ Admission of the evidence cannot be justified on the ground mentioned by the trial court; the subject did not become "open" because of the answers elicited by the prosecutor on cross-examination. The rule allows introduction of otherwise inadmissible evidence when an *opponent* has opened the door. The rule is stated "one who induces a trial court to let down the bars of a field of inquiry that is not competent or relevant to the issues cannot complain if his adversary was also allowed to avail himself of the opening." *McCormick on Evidence* § 57, at 147 (3d Cleary Ed. 1984). The rule has no application under

---

1. Rule of evidence 403 provides that, after evidence has been deemed relevant, it may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

these facts. Defendant did not place her character for nonviolence in issue; the State did.

 Neither can the evidence be justified as an attempt to impeach the witness. The evidence does not begin to qualify as proper impeachment under Iowa rule of evidence 609. It is enough to point out that past crimes appropriate for such a purpose must be those of the witness being impeached. The crimes mentioned here were those of defendant, not Varner or Berry.

The State offers another argument in justifying its questions to Berry regarding defendant's past conduct. Berry was called as a witness to testify for the sole purpose of describing a fight that occurred between the defendant and the victim. The purpose of Berry's testimony was to show that LeRoy Johnson, the victim, had the propensity to act violently towards the defendant.

The State thinks this testimony regarding the victim's propensity to act violently opened the question of defendant's similar propensity. We find no such relationship between the victim's propensity and the defendant's. *See Kwalleck v. State,* 596 P.2d 1372, 1378–79 (Wyo.1979) (rejecting argument that Kwalleck had "opened the door" concerning his character by offering evidence of victim's violent character). *See also Keith v. State,* 612 P.2d 977, 984–85 (Alaska 1980) (defendant's witnesses' testimony of murder victim's unstable and violent character do not place defendant's character into issue).

The crimes were not proper for use in impeaching defendant either. *See State v. Gavin,* 328 N.W.2d 501, 502 (Iowa 1983) (crime must involve dishonesty or false statement).

We conclude that the evidence of defendant's past criminal conduct was admitted in error. Contrary to the State's contention, we cannot find the error was harmless. Defendant's conviction must be reversed and the case remanded for a new trial.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.