**Melissa K. ANDERSON and Drew Nigel Anderson, by His Mother and Next Friend, Melissa K. Anderson, Appellants,**

v.

**WEBSTER CITY COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 99–0060.

Supreme Court of Iowa.

Dec. 20, 2000.

Frederick W. James and Jennifer S. Gerrish–Lampe of the James Law Firm, P.C., Des Moines, and Robert E. Walker of the Walker Law Firm, Fort Dodge, for appellants.

Kirke C. Quinn of Quinn, Doran & Anderson, Boone, for appellee.

CADY, Justice.

Melissa Anderson appeals from an order by the district court denying her motion for a new trial based on her challenge to a

jury instruction. We conclude the jury instruction did not result in prejudice and affirm the decision of the district court.

## I. Background Facts and Proceedings.

Drew Anderson broke his leg while sledding during a noon recess at Pleasantville Elementary School in Webster City on February 12, 1997. He was seven years old and was in the second grade. The injury occurred when Drew fell from his sled after it went over a bump or ramp. There was conflicting evidence at trial regarding the existence and height of the ramp. Some witnesses also testified Drew was sledding on his stomach, while others testified he was sitting on his knees.

Sledding was a permissible noon-time activity at the school. However, several restrictions were imposed on the students. One restriction was that ramps were not allowed. Students were also instructed on the proper method to ride a sled. Teachers were present to supervise the sledding activity.

Melissa Anderson is the mother and legal guardian of Drew. She filed this action against the Webster City Community School District individually and on behalf of Drew, claiming the school was negligent in failing to properly supervise the sledding activity, inspect the hill for ramps, and remove the ramps from the hill. The school district asserted several affirmative defenses, including the defense that Drew assumed the risk of his injury by participating in a sledding activity.

One of the instructions given to the jury by the trial court defined the duty of care owed by sponsors of recreational activities to participants. A portion of this instruction informed the jury that "[s]ome risk naturally attends participants in recreational activities." Anderson objected to this portion of the instruction, which the court overruled.

The jury returned a verdict in favor of the school district after finding the school was not negligent. The trial court subsequently overruled Anderson's motion for a new trial based on the challenged jury instruction.

Anderson appeals the denial of her motion for a new trial. She claims the disputed instruction erroneously holds grade school children to a standard that should be limited to older students and adults engaged in sporting activities who have or should have acquired sufficient experience and knowledge to appreciate and understand inherent risks of the activity. She asserts a child of tender years does not have an understanding of inherent risk and should not be held to the same standard.

## II. Scope of Review.

■ Our review of a challenge to a jury instruction is for the correction of errors at law. Iowa R.App.P. 4; *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.*, 606 N.W.2d 376, 379 (Iowa 2000); *Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 575 (Iowa 1997); *Johnson v. Johnson*, 564 N.W.2d 414, 416 (Iowa 1997). Although our review is on error, we will not reverse unless "prejudicial error by the trial court has occurred." *Thavenet v. Davis*, 589 N.W.2d 233, 236 (Iowa 1999); *see Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.*, 606 N.W.2d at 379; *Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 593 (Iowa 1999). The trial court commits prejudicial error when it materially misstates the law. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.*, 606 N.W.2d at 379; *Waits*, 572 N.W.2d at 575. On the other hand, we consider the instructions in their entirety and will not reverse if the instructions have not misled the jury. *Thavenet*, 589 N.W.2d at 236.

## III. Challenge to Jury Instruction.

■ The trial court has a duty to instruct a jury on all legal issues presented in a case. *State v. Herndon*, 257 N.W.2d

19, 22 (Iowa 1977); *see also Kuehn v. Jenkins*, 251 Iowa 718, 731, 100 N.W.2d 610, 617–18 (1960) (noting the trial court's instructions provide guidance to the jury to correctly apply the law to the facts). This means that in an action based on negligence, the court is required to define all legal standards, including the applicable standard of care. *See* 88 C.J.S. *Trials* § 284, at 781 (1955) (trial court may instruct the jury as to the "degree of care required under certain conditions").

■ In this case, the instructions by the trial court included a definition of the duty owed by a sponsor of a recreational activity to its participants. The disputed instruction provided:

A sponsor of a recreational activity has the general duty to conduct itself as an ordinary prudent person, under like circumstances, to protect the participant from an unreasonable risk of harm.

Negligence is not a matter to be viewed after the occurrence. It is a question of what reasonably prudent persons, under the same circumstances, would or should have anticipated at that time, in the exercise of reasonable care.

Some risk naturally attends participants in recreational activities. It is when the sponsor fails to protect a participant from an unreasonable risk that it would or should have anticipated that negligence arises. It is not necessary that the actual harm or particular injury be anticipated.

The trial court derived this standard from *Dudley v. William Penn College*, 219 N.W.2d 484 (Iowa 1974). In *Dudley*, a college baseball player sued his coach and college after he was struck in the eye by a foul ball while sitting on the bench during a home baseball game. *Dudley*, 219 N.W.2d at 484–85. The college baseball diamond did not have dugouts or netting protecting the participants from the playing field. *Id.* at 485. The trial court directed a verdict in favor of the defendant college and coach. *Id.* at 485–86. We held Dudley produced insufficient evidence to

show a reasonable college should have taken action to protect him from his injury. *Id.* In doing so, we acknowledged the college had a duty to exercise reasonable care under the "circumstances to protect others from unreasonable risk of harm." *Id.* at 486. Thus, we recognized the law imposes a duty of care upon the sponsor of an athletic event but further recognized that the duty of care extends only to risks of harm that are unreasonable. *Id.* Consequently, "players in athletic events accept the hazards which normally attend the sport." *Id.*

Anderson claims the instruction given by the trial court in this case was flawed because the duty of a school in caring for children engaged in recreational activities should not be limited by the inherent risk standard applicable to sporting activities. Anderson asserts children have limited knowledge and experience, and the school should be held to the same standard as a reasonably prudent parent. *See Godar v. Edwards*, 588 N.W.2d 701, 708 (Iowa 1999); *Burton v. Des Moines Metro. Transit Auth.*, 530 N.W.2d 696, 700 (Iowa 1995).

At trial, Anderson did not challenge the disputed instruction because it identified the standard of care as an "ordinary prudent person" instead of a "reasonably prudent parent." Instead, her objection at trial was limited to the inclusion of the natural or inherent risk language and her claim that it was inappropriately applied to recreational activities engaged in by children. Therefore, we limit our consideration to this argument.

The school district asserts the disputed portion of the instruction is supported by *Dudley* and basically embodies the primary assumption of risk doctrine we first recognized in *Rosenau v. City of Estherville*, 199 N.W.2d 125 (Iowa 1972). In *Rosenau*, we explained that the primary assumption of risk doctrine "is an alternative expression for the proposition that [the] defendant was not negligent, i.e., either owed no duty or did not breach the

duty owed." *Rosenau*, 199 N.W.2d at 131. We went on to provide an example of this "primary meaning," "in which an employee is injured by a danger naturally incident to the employment, even though the employer has exercised all reasonable care for his safety." *Id.* We also defined the secondary assumption of risk doctrine, which addresses the fault of the injured party in acting unreasonably in assuming the risk. *Id.*

We agree with the school district that the disputed portion of the instruction applied the primary meaning of assumption of risk. In *Dudley*, we did not say "players in athletic events accept hazards which normally attend the sport" because such players assume the risk in its secondary meaning. Instead, the phrase was used in its primary meaning. As such, it had two meanings. It means the duty of care does not extend to natural risks of the activity, or there is no breach of care when the injury results from a risk inherent to the activity. In this case, the phrase was incorporated into the duty of care instruction as a means of limiting the scope of the duty. Nevertheless, this can present a danger trial courts must avoid in instructing a jury.

■ In defining the duty of care in a negligence action, trial courts must not provide examples of what conduct constitutes a breach of duty. *See* 88 C.J.S. *Trials* § 284, at 781 (the trial court "must not instruct as to what would be negligence . . . in the circumstances"). This is improper because the jury must apply the legal standard to the facts, and any attempt by the court to do so invades the province of the jury. *See id.* Similarly, the duty of care instructions must not amount to a comment on the evidence. *Peters v. Vander Kooi*, 494 N.W.2d 708, 712–13 (Iowa 1993) (mistake in treatment and mistake in diagnosis instructions in a medical malpractice case amounted to comments on the evidence).

■ It is the task of the jury to determine the reasonableness of the care exercised by defendant in light of the foreseeability of harm. *See* 88 C.J.S. *Trials* § 284, at 781. Thus, an instruction that informs the jury that the duty of care does not extend to those risks that are an inherent aspect of the activity is actually a comment that the activity has inherent risks which attend to the participant. This amounts to a comment on the evidence because the jury should decide whether a particular activity has risks which attend to the participants based upon the application of the reasonable person test.

Although we utilized the inherent risk language in *Dudley*, we did so only in reviewing the trial court's decision to grant a directed verdict. *See Dudley*, 219 N.W.2d at 485–86. We found the facts of the case revealed the only risk of harm that gave rise to the injury was the risk that inhered in the activity itself. *See id.* at 486–87. Thus, the sponsor did not breach the duty of reasonable care owed to its participant as a matter of law. *See id.* at 486.

In this case, the district court was not applying the reasonableness standard. Instead, it had submitted the case to the jury. Consequently, the jury was given the responsibility to decide whether or not the school district breached its duty of care under the circumstances. Under this reasonableness standard, it was unnecessary for the jury's determination to be instructed that some risks are inherent in a particular activity. *See Peters*, 494 N.W.2d at 712–13 (trial court's "comments on potential factual scenarios in which a standard of care may or may not have been adhered to" amounted to comments on the evidence and were "unnecessary for the jury's determination").

■ Nevertheless, an instruction embodying a potential comment on the evidence does not warrant reversal unless the instruction prejudiced the complaining party. *See Condon Auto Sales & Serv.*, 604 N.W.2d at 593; *Vaughan*, 542 N.W.2d

at 539; 88 C.J.S. *Trials* § 293, at 803. Prejudice results when the trial court's instruction materially misstates the law, confuses or misleads the jury, or is unduly emphasized. 88 C.J.S. *Trials* § 371, at 950.

■ In this case, the instruction neither identified which risks were inherent in the activity nor applied the inherent risk standard to any particular facts. Instead, the district court provided additional instructions that told the jury to specifically consider the standard of reasonable care in light of the particular specifications of negligence pertaining to the failure to properly supervise, inspect, and remove the particular danger.

■ Jury instructions are to be considered as a whole, not in isolation. *Leaf v. Goodyear Tire & Rubber Co.*, 590 N.W.2d 525, 536 (Iowa 1999). In this case, all the instructions when read together properly explained the applicable law to the jury. *See id.* In addition, the instructions considered as a whole did not mislead the jury, *see Thavenet*, 589 N.W.2d at 236, nor provided undue emphasis. *See Rosenau*, 199 N.W.2d at 133 ("instructions should not give undue emphasis to any phase of the case favorable to either side"). Consequently, we find no prejudice occurred to Anderson.

## IV. Conclusion.

Although we affirm the district court's decision to deny the motion for a new trial, we do not encourage district courts to utilize the disputed portion of the instruction in this case. The fear that the instruction may be used as a comment on the evidence supports its rejection. We affirm the district court.

**AFFIRMED.**