# IN THE COURT OF APPEALS OF IOWA

No. 13-1622
Filed November 26, 2014

**ANN BUTCHER,**
        Plaintiff-Appellant,

**vs.**

**CITY OF MASON CITY,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.


        Ann Butcher appeals from the district court's denial of her motion for new trial. **AFFIRMED.**


        Roxanne B. Conlin of Roxanne Conlin & Associates, P.C., Des Moines, for appellant.

        Dominic F. Pechota and David A. Roth of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Ann Butcher appeals from the district court's denial of a motion for new trial after a jury returned a verdict in favor of the city of Mason City (the City) in her age-discrimination trial. She asserts the court erred in: (1) admitting testimony as to her job performance; (2) approving or rejecting various jury instructions; (3) denying Butcher's motion to set aside the verdict; and (4) finding the verdict administered substantial justice. She supports the last two arguments by asserting the greater weight of the evidence indicated age was a motivating factor in the City's adverse employment action.

We conclude that, taken as a whole, the jury instructions adequately set forth the elements required for Butcher to prove age discrimination. Additionally, any possible prejudice resulting from the City's witness as to Butcher's job performance did not substantially outweigh its relevance, particularly given Butcher put her performance as an employee at issue. Finally, we conclude the district court properly found the greater weight of the evidence did not indicate age was a motivating factor in the City's adverse employment decision, and consequently, the court properly denied Butcher's motion for new trial. We therefore affirm the decision of the district court.

**I. Factual and Procedural Background**

Butcher was employed with the police department for the city of Mason City beginning in 1970, when she was hired to be the police chief's secretary. Shortly thereafter, she began to work as a dispatcher and data processer, and then in 1983 served as a payroll account clerk for the finance department. In February 2006, she voluntarily transferred to the human resources department,

where she was responsible for handling correspondence with applicants, administering civil service tests and the accompanying secretarial work, conducting new employee orientations, handling workers' compensation issues, maintaining confidential files, and providing pertinent information to visitors and other employees. Throughout Butcher's thirty-six years of employment, she was never subject to any disciplinary actions or reprimands.

In October of 2007, Butcher, then fifty-eight years old, applied for an administrative assistant position within the police department. Along with ten other candidates, Butcher was interviewed by Police Chief Michael Lashbrook, Captain Dennis Bengston, Captain Michael McKelvey, and Tom Meyer, the human resources manager. Butcher was not offered the position. Debra Riedle, a forty-year-old female, was hired instead, but was involuntarily discharged in June 2008. The vacancy prompted another job posting, and Butcher again applied for the position on June 16, 2008. After being interviewed by five members of the Mason City police department, her application was denied without explanation. Melinda Severs, a thirty-five-year-old female, was hired instead.

In his testimony, Chief Lashbrook indicated that forms were employed to evaluate the candidates, who were given scores by each panel member on various qualities; however, Chief Lashbrook was ultimately responsible for the hiring decision.[1] According to Butcher, when she asked Chief Lashbrook why she was not hired, he responded that Severs presented herself with "more confidence" and that he "saw better potential in her." Butcher's position with the

---

[1] The score sheets indicated Severs received a 267 and Butcher scored 261.

police department was voluntarily terminated on December 31, 2010, though she testified that she involuntarily retired as a result of intolerable working conditions.

On July 30, 2009, Butcher filed a petition naming the city of Mason City as defendant, and alleging she was discriminated against based on her age in the 2008 hiring decision.[2] A jury trial was held, and the jury returned a verdict in favor of the City. Butcher then moved for a new trial, which the district court denied. Butcher appeals.

## II. Jury Instruction

Butcher first argues the district court erred when instructing the jury. Specifically, Butcher takes issue with instruction nineteen, which was labeled "Elements of Claim—Constructive Discharge," asserting she did not make a claim for constructive discharge, that it was not a proper statement of Iowa law pursuant to *Van Meter Industries v. Mason City Human Rights Commission*, 675 N.W.2d 503, 511 (Iowa 2004), and it should have been used as an instruction for damages rather than one for liability. Butcher then argues the court erred in excluding her eight proposed jury instructions that described different ways in which age discrimination can be proven.

"We review alleged errors in jury instructions for correction of errors at law." *Boyle v. Alum–Line, Inc.*, 710 N.W.2d 741, 748 (Iowa 2006). The district court errs if it refuses to give a requested instruction that "correctly states the law, has application to the case, and is not stated elsewhere in the instructions." *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 539 (Iowa 1996). Any error in the

---

[2] Butcher conceded at trial the 2007 hiring decision was beyond the statute of limitations. She also alleged a sex discrimination claim in her petition, though this claim was not pursued at trial.

instructions given "does not merit reversal unless it results in prejudice." *Wells v. Enter. Rent–A–Car Midwest*, 690 N.W.2d 33, 36 (Iowa 2004). This prejudice occurs when the district court "materially misstates the law." *Anderson v. Webster City Cmty. Sch. Dist.*, 620 N.W.2d 263, 265 (Iowa 2000). Additionally, jury instructions should be considered "in their entirety," and reversal is warranted if the instructions have misled the jury. *Id.*

### A. Jury Instruction Nineteen

Jury instruction nineteen states:

Your verdict must be for the Plaintiff and against the Defendant if all of the following elements have been proved: (1) The Defendant made the Plaintiff's working conditions intolerable, (2) The Plaintiff's age was a motivating factor in the Defendant's actions, and (3) The Defendant acted with the intent of forcing the Plaintiff to quit or the Plaintiff's resignation was a reasonably foreseeable result of the Defendant's actions. Working conditions are intolerable if a reasonable person in the Plaintiff's situation would have deemed resignation the only reasonable alternative.

Butcher is correct that *Van Meter Industries*, 675 N.W.2d at 511, held a constructive discharge is effected if the plaintiff reasonably believed her working conditions were intolerable, and there was no opportunity for fair treatment such that resignation was the only avenue available. Specifically, "[i]n determining whether a constructive discharge has occurred, the fact finder uses an objective standard." *Id.* at 510. Instruction nineteen is a proper reflection of Iowa law, as set forth in *Van Meter*. This was the reasoning employed by the district court, and illustrated by the following exchange:

The Court: I just wanted to make a further record on 19, which is obviously a very contested jury Instruction . . . . I want to go back and compare 19 to the standard federal 8th Circuit instruction. And I believe that that last paragraph that I've included—or is included, rather, working conditions are intolerable if

a reasonable person in the plaintiff's situation would have deemed resignation the only reasonable alternative. That's actually part of the standard.

. . . .

I just wanted to make clear on the record that I did not add that. It is part of the federal 8th Circuit instruction stock. And they've got a footnote on it here, footnote 4, notes on use. It says that this paragraph aids the jury by providing a definition of what constitutes intolerable working conditions and explains that the standard is an objective one . . . . And so as I understand the objection, [Butcher], is that you believe that this is an accurate perhaps statement regarding the federal law, but you believe it's deficient regarding state law?

[Butcher]: That is correct, Your Honor. We believe that the law is as stated in *Van Meter*.

The Court: All right. And I just wanted to clear up that I was not deviating from the standard 8th Circuit instruction on 19.

Thus, while instruction nineteen is a version of the Eighth Circuit's model instruction for constructive discharge,[3] it nonetheless is a proper reflection of Iowa law.

Furthermore, while Butcher is correct in her assertion that she was not attempting to prove constructive discharge as an element of her claim, taken as a whole, instruction nineteen did not serve to mislead the jury as to Butcher's burden of proof. Specifically, instruction fifteen, labeled "Age Discrimination—Essential Elements" stated:

Your verdict must be for Plaintiff Ann Butcher and against Defendant on Ms. Butcher's claim of age discrimination if you find

---

[3] The Eighth Circuit's model instruction labeled "Constructive Discharge" reads:
*First*, the defendant made the plaintiff's working conditions intolerable, and
*Second*, the plaintiff's (age, race, gender, religion) was a motivating factor in the defendant's actions, and
*Third*, [the defendant acted with the intent of forcing the plaintiff to quit] or [the plaintiff's resignation was a reasonably foreseeable result of the defendant's actions].
Working conditions are intolerable if a reasonable person in the plaintiff's situation would have deemed resignation the only reasonable alternative.

her age was a motivating factor in the City's decision not to promote her to the job of administrative assistant/police chief secretary in 2008.

Ms. Butcher's age was a "motivating factor" if it played any part in the Defendant's decision to not promote her. Ms. Butcher's age need not have been the only reason for Defendant's actions.

This was a proper summary of Butcher's burden of proof and the elements she needed to prove to succeed on her claim. Consequently, taken as a whole, these instructions did not serve to substantially mislead the jury, and the district court properly overruled Butcher's objection to instruction nineteen.[4] *See* *Anderson*, 620 N.W.2d at 265.

### B. Proposed Instructions 9, 16, and 16A

Butcher's proposed instruction 9 states: "The issue in age discrimination is both sensitive and difficult. There will seldom be 'eyewitness' testimony as to the employer's mental processes. An employer who knowingly discriminates may leave no written records revealing the forbidden motive and may communicate it orally to no one." Proposed instructions 16 and 16A—which defined the word "intolerable" found in instruction 16—read, respectively:

> In order to be permitted to collect damages for her early retirement, Ann Butcher must show that she was denied a protection based on age discrimination (Instruction 8) and coupled with the predictable humiliation and loss of prestige accompanying her failure to obtain the particular position she sought in the Police Department, she reasonably believed there was no chance for fair treatment at the City of Mason City. It is not necessary that she show a hostile work environment but rather that she was foreclosed from the career path she sought because of the City's age discrimination.
>
> The employee's work environment does not need to be literally unbearable to be intolerable under the law. An employee

---

[4] Although claiming this instruction was "central to her claims," Butcher has failed to provide any particulars, but adds, "it is clear that the jury must necessarily have been misled."

does not need to stay at an employer if she reasonably believes there is no possibility that the employer will treat her fairly. It is enough that the employee has no recourse within the employer or that there is no chance of fair treatment.

Butcher contends these instructions comply with *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 10 (Iowa 2009), which held that a "pretext instruction" is necessary in an employment discrimination trial so as "to ensure the jury understands the plaintiff need not present an admission or other affirmative evidence of the defendant's intent in order to prove discrimination."

However, the *Deboom* court relied on the Eighth Circuit's model instruction, which states: "You may find that plaintiff's sex was a motivating factor in defendant's decision to terminate if it has been proved by the preponderance of the evidence that defendant's stated reasons for its decision are not the real reason, but are a pretext to hide sex discrimination." *Id.* This model instruction is not what Butcher proposed; rather, her instructions take language from the body of the *Deboom* opinion, instead of using the actual pretext instruction on which the *Deboom* court relied. *See id.* at 10–11.

The pretext instruction submitted to the jury in this case—as required by *Deboom*—stated:

> The reasonableness of the employer's explanation for failure to promote Ann Butcher may be considered in determining whether it is a pretext, or a cover-up for age discrimination.
> Proof that the Defendant's explanation is not true is one form of evidence that you may find proves discrimination. If you find that the City's justification for not selecting Ann Butcher for promotion is not true, discrimination may be the most likely alternative explanation. This may be especially so, since the City is in the best position to put forth the actual reasons for its decision.
> You may find that Ann Butcher's age was a motivating factor in the Defendant's decision not to promote her if it has been proven

that the Defendant's stated reason for its decision is not the real reason, but is pretext to hide discrimination.

You may find that age discrimination occurred, if you find that the reasons offered by the City for not selecting Ann Butcher for promotion are false.

This instruction satisfies the requirements set forth in Iowa case law, and Butcher's proposed instructions served neither to clarify nor add a missing element to the instructions employed in this case. *See Vaughan*, 542 N.W.2d at 539. Consequently, the district court properly denied Butcher's request to include instructions 9, 16, and 16A.

### C. Five Other Proposed Instructions

Butcher further argues the court should have admitted various other proposed instructions. These include jury instruction ten, which reads:

You are being asked to determine whether Ms. Butcher's age was a motivating factor in the City's decision not to promote her. Because we have no direct access to the human psyche, the law says that Ms. Butcher may prove unlawful motive by proving that there are inconsistencies, implausibilities, incoherencies, or contradictions in the City's explanation for its action that make the explanations unworthy of belief. The presence of weakness, inconsistencies, implausibilities, incoherencies or contradictions may indicate that there is another explanation, such as discrimination.

Proposed instruction twelve states: "An employer's deviations from its own policies and practices may indicate it is engaging in age discrimination." Butcher's proposed instruction thirteen reads: "An employer's choice to make employment decisions based on subjective criteria makes it particularly easy to mask discriminations. You should closely scrutinize an employer's reliance on such subjective criteria, as well as any disregard for employees' objective qualifications for the job." Proposed instruction fifteen states:

It is common business practice to select the best qualified candidate for a position. When that is not done, a reasonable inference arises that the employment decision was based on something other than qualification. If you find the City selected the less qualified person over the better qualified person, you may find that the reason is based on age.

If the City says that Ann Bucher was not as qualified as the person who was promoted by the City to do the job of Administrative Assistant to the Police Department, pretext can be inferred from the fact that she was actually more qualified than those chosen.

Butcher's final proposed instruction is instruction seventeen, which states:

The law recognizes that unlawful discrimination sometimes happens without the decision maker having planned, thought out or even acknowledged to himself or herself that it is taking place. The law acknowledges the effects of society's stereotypes on employers in their decision making, and that biased decision making based upon those stereotypes can violate the law, even if the decision maker is unaware of bias in his or her thinking. This is because the law's purpose is to eradicate discrimination in all forms, regardless of the personal character of the individuals making discriminatory decisions.

If you find from all the surrounding circumstances that the City treated Ann Butcher differently than it would have [if] she had been younger, even if the managers do not acknowledge or realize their own motives, you may find in favor of Ms. Butcher.

The district court, in declining to use these instructions, opined:

I have reviewed all of those proposed instructions. I have also—[Butcher] has provided quotes from various cases that would indicate that that language can be found in the case law. [Defense counsel] has objected to the inclusion of those proposed instructions, and the language is not standard language in either the federal or the state standard jury instructions. I've decided to leave those out because, as [defense counsel] indicated, I think those are particular quotes in the context of those individual cases and I simply felt that the standard instructions, both federal and state, adequately covered the necessary law and I thought the inclusion of those other instructions may be potentially confusing to the jury and there may be some issue with those instructions as actually applied to the facts of this case. And frankly, I thought sticking to the standard instructions [was more appropriate].

We agree with the court's conclusion. These proposed instructions are not part of the standard instructions, but, rather, are quotations derived from various cases that are tailored to the individual holdings instead of being a widely applicable standard that should be used in jury instructions. Furthermore, given the accurate instructions submitted to the jury, when viewed as a whole, these proposed instructions did not "correctly state[] the law, [have] application to the case, and [are] not stated elsewhere in the instructions" such that they should have been included. *See id.* Consequently, the district court properly declined to include Butcher's proposed instructions in the final instructions submitted to the jury.

**III. Testimony**

Butcher next claims the district court erred in admitting the testimony of Kevin Jacobson, the financial supervisor, who testified regarding various criticisms he had of Butcher's work performance. Specifically, Butcher contends this testimony should not have been admitted because these criticisms were never communicated to Butcher, and did not affect her failure to be promoted or her subsequent voluntary discharge. She further argues the testimony that she was "disloyal" for bringing her grievances to the attention of the Mason City Human Rights Commission before addressing them within the department was particularly prejudicial.

We review rulings on evidentiary issues for an abuse of discretion. *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 158 (Iowa 2004). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Iowa R. Evid. 5.401. Relevant evidence will not be admitted if the prejudice of the evidence substantially outweighs its relevance. Iowa R. Evid. 5.403.

Given the subject matter of the case, the district court did not abuse its discretion in allowing Jacobson to testify. A defense against an age-discrimination claim is that the adverse employment decision was not due to the plaintiff's age, but rather was based on other factors, such as the employee's job performance. *See generally Boelman v. Manson State Bank*, 522 N.W.2d 73, 81 (Iowa 1994) (noting employee's job performance was a relevant factor in determining whether he was discriminated against based on his disability). Consequently, Jacobson's criticisms of Butcher's job performance were relevant to the case and properly admissible. *See* Iowa R. Evid. 5.401.

Moreover, the testimony was not unfairly prejudicial to the point the prejudice substantially outweighed the evidence's relevance. *See* Iowa R. Evid. 5.403. A significant part of Butcher's argument relied on the fact she had never been disciplined and had no other work-related complaints against her. Even if Jacobson's testimony was otherwise inadmissible, the fact Butcher put her performance at issue allows the court to admit evidence rebutting Butcher's claim.[5] *See State v. Jones*, 471 N.W.2d 833, 835 (Iowa 1991) (discussing rule that otherwise inadmissible evidence becomes admissible if a party "opens the

---

[5] An element of the employment discrimination claim is that Butcher must show age was a motivating factor in the adverse employment decision. *See Deboom*, 772 N.W.2d at 12–13. Consequently, while not completely required to put her performance as an employee at issue, it is still an important part of her case. However, the employer is then free to rebut this evidence, and therefore our analysis of this issue does not change.

door" by putting evidence at issue). Consequently, the district court properly admitted Jacobson's testimony.

**IV. Motion for New Trial**

Butcher's final argument asserts the district court erred in denying her motion for new trial. She claims the jury ignored the weight of the evidence indicating Butcher was discriminated against because of her age, and that this verdict did not administer substantial justice. In support of her argument, Butcher relies primarily on the testimony of Michael Campion, Ph.D., who was critical of what he felt was the subjective nature of the hiring criteria, and opined that the City's hiring decision was primarily motivated by Butcher's age.

"The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 678 (Iowa 2005). If the motion was "based on a discretionary ground, we review it for an abuse of discretion." *Id.* Alternatively, if the motion was based on a legal question, our review is for correction of errors at law. *Id.* Because Butcher's claimed error is that the district court improperly found the substantial weight of the evidence did not indicate age was a motivating factor, and that the verdict did administer substantial justice, we review the ruling for an abuse of discretion. *See Estate of Hagedorn v. Peterson*, 690 N.W.2d 84, 88 (Iowa 2004).

Upon review of the record, the district court did not abuse its discretion when denying Butcher's motion for new trial. Butcher is correct in her assertion that Dr. Campion's testimony, as well as the subjectivity of the evaluation criteria, support her claim of age discrimination. However, credibility determinations are

within the sole province of the jury, and therefore the jury here was free to either believe Dr. Campion or place greater weight on the City's witnesses, who testified age was not a motivating factor. *See State v. Jellema*, 206 N.W.2d 679, 681 (Iowa 1973). Additionally, the subjectivity of the evaluations, while relevant, does not unequivocally support Butcher's claim age was a motivating factor in the adverse employment decision. Consequently, the district court properly denied Butcher's motion for new trial.

Having considered all of Butcher's claims, we affirm the rulings of the district court.

**AFFIRMED.**